98 So.2d 334 (1957)
Katherine A. CORTINA, Petitioner,
v.
Fred A. CORTINA, Respondent.
Supreme Court of Florida.
November 20, 1957.
*335 Paul B. Johnson, Tampa, for petitioner.
J.W. Dupree, Tampa, for respondent.
ROBERTS, Justice.
This is an appeal from a final decree of divorce and an order modifying such final decree as to support money for the 16-year-old daughter of the parties.
Under the final decree the appellee, Mr. Cortina, was awarded a divorce from the appellant, Mrs. Cortina; custody of the daughter was awarded to the mother with reasonable visitation privileges to the father. The decree denied alimony but required Mr. Cortina to pay $10 per week for the support of the daughter.
A little more than a month after the entry of the decree Mr. Cortina filed a contempt proceeding against Mrs. Cortina, alleging that she had refused to allow him the reasonable visitation privilege awarded by the decree. A hearing in the contempt proceeding was held by the Chancellor, who also had a private interview with the daughter. Thereafter, sua sponte and without notice to the parties, the Chancellor entered an "Order Amending Final Decree", reciting that the matter had come before him in the contempt proceedings, that he had heard testimony of the witnesses and interviewed the daughter, and that "the reason why the visitation has been denied is the fault of the daughter, which the mother, who is the plaintiff here, apparently does not intend to correct." The order "revoked" that part of the final decree requiring the payment of support, and provided that "if the mother and the child decide that the decree shall be complied with by giving to the father a reasonable visitation with his child and that matter is then reported to the Court, I will further amend the decree to provide for support money. * * *"
Mrs. Cortina has appealed from the final decree of divorce and from the "Order *336 Amending Final Decree". The questions directed to alleged errors in the entry of the final decree of divorce cannot be considered since the Notice of Appeal was not filed within sixty days from the rendition of the final decree as required by Fla.App.Rule 3.2, subd. b. The appeal was, however, taken within sixty days from the rendition of the amendatory order, and will be considered and acted on as a petition for certiorari under the rule then in effect, 31 F.S.A.Rule 28, Fla.S.Ct.Rules.
As to the amendatory order, it is contended on behalf of Mrs. Cortina that (1) the Chancellor was without power to modify the divorce decree, sua sponte, since neither party raised the question in the contempt proceedings, and (2) even if properly before the court, the circumstances were not such as to warrant a modification of the decree under Sec. 65.15, Fla. Stat. 1955, F.S.A. The first contention must be sustained, so it is unnecessary to answer the second.
Apparently conceding that no issue with respect to the modification of the decree was raised in the contempt proceedings, the appellee argues that Sec. 65.15, Fla. Stat. 1955, F.S.A., authorizing the modification of alimony and support orders upon the application of either party, "in no way acts as a prohibition against the Chancellor, should he for equitable reasons deem it necessary to modify the decree." He also states that "The Chancellor has the right to impose such equitable conditions for the enforcement of the Court's decree as in his sound discretion may be deemed proper." He cites only Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481, 482, in support of these contentions.
In Sapp v. Warner, supra, this court said that an equity court "may stay or modify, or may direct, the enforcement of its decrees in a particular way, when necessary to prevent a miscarriage of justice, or may alter the method of enforcement in order to accord with special and peculiar equities which have arisen." But in the Sapp case the defendants, by appropriate supplementary proceedings, sought only to exercise an equitable right of redemption of their property from a mortgage foreclosure sale after entry of the foreclosure decree but prior to the date set for the sale. The court made clear that the defendant did not seek to reopen the foreclosure decree, and that the granting of the equitable relief depended upon "the demonstration of some special and peculiar equity * * *." (Emphasis added.) So the Sapp case is not authority for the contention that a Chancellor may, sua sponte, reopen a divorce decree and modify it; nor does it support the proposition that a Chancellor may, sua sponte, revoke a benefit conferred by a previous decree in order to compel compliance with an obligation imposed by that decree.
There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue of modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on such issue. After the expiration of the ten-day period within which to file a petition for rehearing, 31 F.S.A. Rule 3.16, Fla.Rules of Civ.Proc., a divorce decree providing support for children is just as final as any other decree, as to all conditions and circumstances that existed as of the date of the decree. Sec. 65.15, Fla. Stat. 1955, F.S.A. And as stated in Pace v. Pace, 1930, 99 Fla. 859, 128 So. 488, 489, "After the lapse of time as thus provided by rule * * *, final decrees cannot be changed, added to, nor taken from, except as to the correction, nunc pro tunc, of mere clerical errors or misprisions, without resorting to the recognized processes of equity, based upon appropriate grounds."
The question of whether the issue of modification of a support decree could properly be litigated in a contempt proceeding, after appropriate amendments of the pleadings, is not presented; the fact is that no such amendments were made. *337 It is fundamental that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal. See Lovett v. Lovett, 1927, 93 Fla. 611, 112 So. 768, 776. It must therefore be held that the Chancellor erred in entering the amendatory order in question.
For the reasons stated, the appeal directed to alleged errors in the final decree is dismissed, sua sponte. Certiorari is granted as to the amendatory order, the amendatory order is quashed, and the cause remanded for further proceedings not inconsistent herewith.
It is so ordered.
TERRELL, C.J., and THOMAS, DREW and THORNAL, JJ., concur.