HORTON, Judge.
This is an appeal from an order awarding a money judgment in the sum of $6,-550 to the appellant for delinquencies or arrearages in alimony, and support pay *716 ments provided for in a prior decree of divorce entered on October 26, 1950, and reducing the alimony and support allowance provided under said decree to $100 per month, and assessing costs and attorney’s fees against the appellee-husband.
The appellant complains of the entry of the decree appealed from upon two principal grounds: (1) that the lower court should have enforced payment of the delinquent alimony and support payments rather than entering a money judgment for the same; and (2) that the appellant was denied the opportunity to be heard upon the appellee’s amended answer seeking the modification where the same was filed after the testimony was concluded and the cause under advisement.
On the first point, there has been no abuse of discretion shown on the part of the chancellor in entering judgment for the appellant, and we hasten to point out that we are unable to see where she has been prejudiced in any respect by the entry of such judgment. The burden being upon the appellant to show wherein the lower court has committed error, and failing so to do, we must conclude that that portion of the decree appealed from is without error.
The second question posed we feel has been conclusively answered by the Supreme Court of Florida in the case of Cortina v. Cortina, Fla.1957, 98 So.2d 334, 336, where the court observed:
“There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue of modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on :such issue.”
Accordingly, that portion of the decree awarding judgment to the appellant for the arrearage due on the prior decree of ■divorce for alimony and support is affirmed, and that portion of the decree modi-fymg and reducing the monthly alimony and support payments is reversed.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and PEARSON, J., concur.