HORTON, Judge.
Opinion was rendered by the court in this cause on December 5, 1957. The court sua sponte, on December 20, 1957, withdrew the opinion for further consideration by the court without argument or the submission of additional briefs by counsel for the respective parties.
The appellant brought here for review an order modifying a final decree of divorce in which the chancellor reduced the monthly support payments required from the husband. The final decree of divorce was entered on December 17, 1956 and confirmed a property settlement agreement between the parties awarding the appellant wife $50 a week for child support. On March 12, 1957, the appellant filed a motion for order to show cause, alleging that the appellee had failed to comply with the terms of the final decree and praying that the court require the appellee to appear before the court and to show cause why he should not be held in contempt of the court’s decree for his failure and refusal to pay the amounts required therein. The rule to show cause was issued, requiring the appellee to appear before the court on March 21, 1957. On the day of the contempt hearing, new counsel appeared on behalf of the appellee and, during the course of the contempt proceedings, filed a petition for modification of the final decree over the objections of appellant’s counsel. The court proceeded to hear testimony and argument pertaining to the petition for modification as well as upon the rule to show cause. At the conclusion of that hearing, the court orally instructed the appellee to continue the payments to the appellant in the sum of $50 per week as required by the final decree. On March 27, 1957, without further hearing or notice to appellant or her counsel, the court entered a written order modifying the final decree by reducing the weekly support payments to $15 per week. The court further provided that the admitted arrear-age initially complained of by the appellant in her petition for rule to ^iow cause, in the sum of $1,057.50, should be paid to the appellant at the rate of $7.50 per week. To this decree of modification, the appellant filed a motion for rehearing and the same was denied by the chancellor in the lower court.
The appellant’s main contention is that it was error for the chancellor of the lower court to proceed to an immediate adjudication of the petition for modification without the appellant receiving an opportunity to be heard on said petition and to present testimony in opposition to it. The appellee concedes the right of the appellant to present testimony in opposition to his motion but suggests that this right was accorded since the issue presented by both the rule to show cause and the petition for modification of the final decree was the same, i. e., the financial ability of the husband to comply with the terms of the final decree.
*723 This court is of the opinion that the decree of modification appealed from should be reversed on the authority of the most recent pronouncements of the Supreme Court of Florida, in the case of Cortina v. Cortina, Fla.1957, 98 So.2d 334, 336, wherein a situation much similar to that posed by the record in the cause at bar was presented. In that case the Supreme Court observed:
“There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue óf modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on such issue.”
The court further observed that upon the expiration of the time within which to file a petition for rehearing, a divorce decree providing support for children is as final as any other decree as to all conditions and circumstances which existed at the time of the entry of the decree. See Norton v. Norton, 131 Fla. 219, 179 So. 414.
It is the conclusion of this court that the appellant should have been accorded the opportunity to present testimony and to be heard upon the petition for modification of the final decree, something which she was not afforded as she had no prior notice that such testimony would be required. This question was brought to the chancellor’s attention by appellant’s objections to the filing of the petition, and renewed by her petition for rehearing timely filed. It therefore follows that the petition for rehearing should have been granted and that the order of March 27, 1957, modifying the final decree should be, and it is hereby reversed for further proceedings not inconsistent with this opinion.
Reversed.
CARROLL, Chas., C. J., and PEARSON, J., concur.