132 So.2d 456 (1961)
Peter F. SCHEER, Appellant,
v.
Ruth M. SCHEER, Appellee.
No. 60-568.
District Court of Appeal of Florida. Third District.
August 31, 1961.
George J. Baya, Miami, for appellant.
Edward P. Swan and Truett & Watkins and Harold Heller, Miami, for appellee.
Before PEARSON, TILLMAN, C.J., and HORTON and CARROLL, JJ.
CARROLL, Judge.
This is an interlocutory appeal from a post decree order in a divorce suit. The order appealed from denied the husband's petition to gain custody, and withdrew the right of visitation.
The several assignments of error and points argued by the appellant amounted to whether the evidence supported the denial of the husband's petition for change of custody, whether the evidence justified the withdrawal of the rights of visitation, and whether the latter relief was permissible where not pleaded or requested by the wife. The denial of the husband's petition for change of custody is affirmed on the ground that appellant has not maintained his burden of showing that the ruling was clearly wrong on the evidence or an abuse of discretion. The order is reversed wherein it deprived the husband of his visitation rights, on authority of Cortina v. Cortina, Fla. 1957, 98 So.2d 334. See also Kurtz v. Kurtz, 112 Fla. 619, 150 So. 785; State ex rel. Lorenz v. Lorenz, 149 Fla. 625, 6 So.2d 620.
*457 In the final decree which granted the wife a divorce in August of 1959, she was awarded custody of the children, a daughter then aged 12 and a son 11 years old, with "reasonable rights of visitation" granted to the husband, as per an agreement which elaborated and specified the visitation rights.[1] Ten months later, in June of 1960, the husband petitioned for custody, charging the wife was unfit to have custody because of certain conduct subsequent to the decree, alleging his fitness, his later marriage and new home, etc. The mother of the children answered and denied the allegations directed to her fitness or conduct. Her answer does not contend that the father was unfit, but "admits that the petitioner has been a devoted father." By her answer the mother did not seek termination of the father's visitation rights, and her only request for affirmative relief was for attorney fees.
On the hearing the chancellor denied the husband's petition for transfer of custody of the children to him, and amended the decree to deprive the father of the children of visitation rights. That was not done because of unfitness of the husband, but because he showered too much affection and attention on the children and they responded by preferring to be with him. This was felt by the chancellor to be the result of a scheme of the father to win their favor and alienate them from the mother.[2]
*458 In Cortina v. Cortina, supra, subsequent to a divorce decree the husband brought the wife into court on a contempt rule for allegedly refusing his allowed visitation. The court went beyond the issue made on the petition and rule to show cause and amended the decree to relieve the husband of the duty to pay support. That order resulted when, during the course of the hearing on the rule to show cause, the court reached the conclusion that the denial of visitation was the fault of the daughter and the mother was not inclined to correct it. After amending the decree by relieving the husband from payment of support, it was provided that if the mother and the daughter later decided to comply with the decree as to visitation the court would amend the decree further to again provide for support money. In reversing that order, the Supreme Court held that the decree was final on matters such as custody and visitation for all facts and circumstances as of the time it was entered, and should not be amended in respects for which no amendment was sought and pleaded.
We do not wish to be understood as holding that in the event of an emergency the court cannot make such orders for temporary care, custody and for visitation as seem to be indicated, but we hold that when a parent or other person has by final decree been granted legal custody or visitation rights relating to the custody of children, the final decree should not be amended to take away such rights or any substantial change made therein except upon the usual and ordinary procedure of pleading including an allegation or statement of the basis of the claim for the change by the party seeking it and an opportunity to directly answer the same and raise issue thereon so that the parties may know that their evidence is being directed to or with reference to that issue, and in order that a record may be made for the benefit of a reviewing court if review should be sought. See Kurtz v. Kurtz, supra; Cortina v. Cortina, supra; Parrish v. Parrish, Fla.App. 1958, 99 So.2d 715, 716; Ray v. Ray, Fla.App. 1958, 99 So.2d 721, 723; Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838.
The record here shows strong mutual interest and love and affection between the children and their father. His paternal interest in them is even disclosed in the elaborate provisions in the pre-divorce agreement as to custody and visitation. Even if we were not required, for the reason stated above, to reverse the order taking away visitation, it would appear necessary to remand it for some modification, in that under the circumstances as viewed by the chancellor there appeared no need to totally deprive such parties of all association. Surely the difficulties in the situation, as they occurred to the chancellor during the hearing on the custody petition, could have been alleviated or controlled by some lessening rather than abolishment of visitation or by imposing safeguarding conditions, and still not wholly deprive these children of their father and him of them.
Accordingly, the order appealed from is affirmed in part and reversed in part.
NOTES
[1] The agreement contained the following provisions:

"3. The wife shall have custody of the children subject to the following:
"(a) The husband shall have the right to visit the children at any reasonable time, and the wife shall afford the husband every reasonable opportunity to enjoy these rights. The husband shall also have the right to have the children visit him on Saturday of each week and for four weeks during the summer school vacation period. In the event the wife should leave Dade County, Florida, and make her home elsewhere, the husband shall have the right to have the children visit him for eight weeks during the summer school vacation period.
"(b) The parties shall confer with each other on all important matters pertaining to the children's health, welfare, education and upbringing with a view to arriving at a harmonious policy calculated to promote the children's best interest.
"(c) Notwithstanding the possible remarriage of the wife, the children shall continue to be known under the husband's surname. They shall not for any purpose or for any reason use or assume the name of any subsequent husband of the wife. The parties shall see to it that the designations `father' and `mother' or their equivalents shall be used by the children to refer to the parties hereto and to no other persons.
"(d) Neither party shall put any obstacle in the way of the maintenance, love, and affection between the children and the other party nor shall either party do anything to attempt to estrange the children from the other party."
[2] In that part of his order the chancellor said:

"The court heard voluminous testimony on the issues made by the petition to modify the decree and came to the conclusion, somewhat reluctantly, that the petitioner is largely at fault for the situation that now exists. During the times when he has custody of the children, he treats them royally. As above stated, he has remarried and his present wife has two children somewhat younger than his own, but his children are made exceedingly happy during their visits and at other times he calls the children at their mother's home every day, which is a little unusual. It seems rather strange to the court that Mrs. Scheer one short year ago was admittedly a fit person to have the custody of the children of the parties and today she is not. It occurs to the court that the petitioner has deliberately entered upon a plan to make these children dissatisfied with their mother and crave their father's companionship. This is not in the best interests of the children. No one knows whether his second marriage is going to be successful any more than the first one was, and it may well be that he will shortly find himself divorced from wife number 2 and the children without a home again. The mother works and she affords reasonable attention to her children. There is no basis in the evidence for the charge that she neglects them. That they prefer to live in their father's new domicile and enjoy the companionship of his newly made family is a matter of his own doing. Apparently he set out on a plan to deliberately alienate the children from their mother. Children of these tender years are notoriously prone to prefer the parent out of whom they can get the most; some of them never outgrow it.
"The court feels, in the circumstances, the petition should be denied and the petitioner's rights of visitation cut off to prevent his carrying out what the court believes is a scheme to alienate the children's affections from the mother."