CARROLL, Judge.
This is an interlocutory appeal by a former husband from a post decretal order denying his motion for reduction of child *567 support. The parties were divorced in Dade County in January of 1962. The divorce decree awarded the wife $15 a week alimony and $35 a week for child support.
The wife married again on November 11, 1962. Shortly thereafter, on December 5, 1962, she filed a motion for increase of child support alleging, as a ground therefor, “That there has been an increase in the cost and expenses for the maintenance of the minor child of the parties, to wit: Gregory Arthur Boyle.” Following a hearing at which the testimony was not reported the court entered an order increasing the child support to $250 per month.
The order increasing the child support made no findings and gave no reasons. If, as that order implies, the chancellor found the circumstances of the mother had changed between the decree of January 1962 and the time of her petition in December, it is reasonable to assume the change in her monetary needs for the child occurred during the eleven months before she remarried, rather than that they could have occurred during the first few weeks of her remarriage. This is so because her testimony on the later motion disclosed that her new husband furnished a four-bedroom home on which he pays all the expenses, making it unnecessary for her to use or maintain her former residence which was deeded over to her by the appellant and which presumably she had disposed of or was free to dispose of to her benefit.
Eight months later, in August of 1963, the ex-husband filed his petition for modification seeking reduction of the child support. t He alleged the history of the matter and the remarriage of the wife in November of 1962 and, as grounds for the reduction, alleged: “That, upon remarriage of the plaintiff on November 11th, 1962, as aforesaid, her financial needs and requirements for the support and maintenance of said minor child were materially reduced, with the result that, plaintiff no longer requires the sum of Two Hundred Fifty ($250.00) Dollars to be paid to her each month for the support and maintenance of said minor child.” After hearing thereon the chancellor ruled that the wife’s remarriage had terminated the alimony, but denied the ex-husband’s petition for reduction of child support. This appeal followed.
Appellant argues that the record disclosed a change of circumstance which called for reduction of the child support, and that the refusal of the court to grant his motion was an abuse of discretion. We agree with that contention of the appellant, and reverse.
The financial status of the former husband is shown in the record by an affidavit. He is a veteran of World War II with a service connected disability. The extent thereof and compensation for it, if any, was not shown. He is unemployed, but has an income of approximately $400 per month from a trust. He has his own expenses to pay, plus $50 a month for support of children of an earlier marriage, and as of the time of the affidavit, which was July 1963, was $2,000 in debt. The former scale of living furnished by him was that which could be supplied to the family on his approximate $400 or $500 per month.
The wife resides with her new husband at the home furnished by him at 214 San Marino Drive, Miami Beach. She has no expenses connected with the house. The amount she stated was needed for care and support of the child was less than $100 per month, except for the expense of a maid or nurse which she listed at $40 a week. The wife testified that when she was living with the former husband she did the cooking and housework herself. While it does not appear in the record, the attorneys for the parties at the hearing, in discussing the maid or nurse, revealed that her need was due to the fact that the mother now works, as an artist. Under the circumstances the matter of the maid or nurse would appear to be either a luxury to which the wife was not accustomed and for which the former husband should not be required to pay, or that if the wife chooses to go out and work, and *568 hire the maid to stay with the child in her absence, that expense would appear to be an offset to her earnings.
The amount of support which was originally fixed by the chancellor ($35 a week) would appear to be an ample award “to support the minor in a fashion to which he has been accustomed in the light of his father’s ability to make provision for him.” Brown v. Brown, Fla.1956, 84 So.2d 311; Heckes v. Heckes, 129 Fla. 653, 176 So. 541.
If, for some circumstance undisclosed on this record, the needs of the wife were changed prior to December 1962 so as to require an increase in child support, she made no showing of such need or of the continuance of such circumstance when she testified on the former husband’s petition filed some eight months later. If we are to say her need had increased during the interval from January 1962 to the time of her petition in December of 1962, it is equally apparent on this record that the need for such increase no longer existed or if it had existed was dispelled by the time of the hearing on the husband’s subsequent petition.
The reluctance of the appellate court to substitute its judgment for that of a chancellor in these matters is well established.[1] However, on this record we conclude that the chancellor was in error in denying relief to the former husband. On the showing made, the child support should have been reduced substantially from the present figure of $250 a month. We do not feel that the amount should be as low as the $100 per month which the mother said was needed. It is the view of this court that the child support should be reduced by $100, to $150 per month. One factor we take into consideration in this connection is that this involves only one child, who is now still in the infancy stage. If and when additional support may be needed for the-child, as it advances in age, those circumstances may be the basis of consideration, by the court for further modification of the: decree.
Accordingly the order appealed from is: reversed and the cause remanded with directions to the chancellor to amend the order to provide for reduction in child support, in substantial conformity to the views expressed in this opinion.
Reversed and remanded with directions..

. See e. g. Rogoff v. Rogoff, Fla.App.1959, 116 So.2d 456; Cherney v. Cherney, Fla.App.1962, 146 So.2d 914.