PER CURIAM.
This is an appeal by defendant-husband from an order on mandate in which plain *277 tiff-wife was awarded $125 a week permanent alimony. This award followed plaintiff’s appeal and our reversal[1] of a lump sum alimony award of $15,000 in the final decree in which the wife was granted a divorce. We remanded the cause with directions to the chancellor to enter an order for alimony to be paid in periodic installments, taking into consideration the needs of the plaintiff, the ability of the defendant, and the many guides and factors which the decided cases furnish upon the subject of alimony. There was also authorization for the chancellor to take such additional testimony as he should find necessary.
The chancellor entered his order on the mandate after hearing oral argument of counsel, but without additional testimony.
Appellant’s point on appeal questions the propriety of the chancellor’s ordering permanent alimony in the amount of $125 per week in that such award is highly exorbitant
Appellee has filed cross-assignments of error claiming the award of $125 per week is inadequate in light of her needs and the husband’s ability to pay. She also asks for additional costs.
We have carefully considered the assignments and cross assignments of error in the light of the record and the controlling decisions, and have concluded that no reversible error has been made to appear.
In Rogoff v. Rogoff, Fla.App. (1959), 115 So.2d 456, this court said:
“It is well settled that the matters of allowance of alimony and child support are within the sound judicial discretion of the chancellor, based on the evidence presented, and due consideration of the needs of the recipients and the extent of the obligor’s ability to meet these burdens. [Citations omitted.] Such awards should not be disturbed unless they represent an abuse of discretion or are patently erroneous on the record; and an appellant carries the responsibility in an appellate court of clearly demonstrating such error. Here the appellant has not made such required showing.” 115 So.2d at 458.
The order appealed is affirmed.
Affirmed.

. Olsen v. Olsen, Fla.App.1963, 158 So.2d 775.