O’CONNELL, Justice.
Petitioner seeks review by certiorari of that decision of the District Court of Appeal, Third District, reported at 180 So.2d 199.
In March 1963 the petitioner husband, as plaintiff, obtained a final decree of divorce from the respondent in the Circuit Court of Dade County, Florida. Although the marital domicile of the parties had been in Dade County on their separation the respondent, former wife, went to New York where she was residing during the divorce proceedings. She was admittedly properly served constructively, but elected not to appear in the cause. The final decree of divorce required the petitioner to support the minor child of the parties, but contained no mention of alimony nor any reservation of jurisdiction of this issue.
More than two years later, in April 1965, the respondent filed, in the same cause which had terminated in the final decree of divorce, an “Application for Temporary Injunction.” . In this application the respondent, among other things, prayed the chancellor to set aside or amend the final divorce decree or to supplement it by order giving respondent a hearing on her right to alimony. Petitioner moved to dismiss the “application” on the ground that the divorce decree had become final and beyond the power of the court to reopen. The chancellor denied the motion to dismiss and ordered the petitioner to file responsive pleadings on the issue of respondent’s entitlement to alimony.
On interlocutory appeal from this order the district court affirmed per curiam citing the opinion of this court in Pawley v. Pawley, Fla.1950, 46 So.2d 464, 28 A.L.R. 2d 1358, and the decisions of the United States Supreme Court in Vanderbilt v. Vanderbilt, 1957, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 and Simons v. Miami *334 Beach Nat. Bank, 1965, 381 U.S. 81, 85 S.Ct. 1315, 14 L.Ed.2d 232.
The effect of the district courts af-firmance is to permit the non-resident, defendant wife, who was served constructively hut did not appear, to reopen the divorce action that had long since terminated in a final divorce decree for the husband. Moreover, the district court would permit •this to occur long after the expiration of the time permitted by the rules for attack on or appeal from the final decree.
The Pawley case, cited by the district court, does not stand for this proposition. In that case the wife, divorced by the husband in Cuba, brought an independent action in the Florida court. Moreover, the result of this decision is in irreconcilable conflict with our decisions in Kippy Corporation v. Colburn, Fla.1965, 177 So.2d 193, Cortina v. Cortina, Fla.1957, 98 So. 2d 334 and like cases, which hold that a final decree passes out of the control of the court and is not subject to modification after the passage of time provided in the rules.
This obvious conflict, apparent from the bare pleadings and orders of the trial court and the opinion of the district court, is adequate to give this court jurisdiction of this cause under the doctrine announced in Foley v. Weaver, Fla.1965, 177 So.2d 221.
We do not reach the issue of the respondent wife’s right to sue the petitioner husband for alimony. All that we hold is that she cannot do so in the instant cause which was long ago laid to rest by the entry of the final decree of divorce between the parties. This leaves the respondent free to pursue in an independent new action any right which she may have to alimony.
The writ of certiorari is granted, the decision of the district court is quashed, and the cause is remanded with directions that an order be entered granting the petitioner-husband’s motion to dismiss the “application” of the respondent
It is so ordered.
ROBERTS, DREW, CALDWELL and ERVIN, JJ., concur.
THORNAL, C. J., and THOMAS, J., dissent.