JOHNSON Judge.
This is an interlocutory appeal from an order of the Circuit Court, Duval County, Florida, Hon. Edwin L. Jones, Judge, modifying a final decree of divorce granted the appellee approximately 21 months prior to the date of the order appealed.
The final decree of divorce was granted July 1, 1964, upon the complaint of the appellee herein. Service of process was by constructive service. Decree pro confesso was entered against the defendant for failure to appeal and/or plead. The divorce was granted on the ground of extreme cruelty. The custody of one of the minor children, 9 years of age at that time, was granted to the appellee, plaintiff below, but no adjudication made as to the custody of the other two minor children because they were residents in another state and not before the court. There was no adjudication as to support or maintenance of the minor children, nor as to any property rights, because of lack of personal service on the defendant.
On July 30, 1965, the final decree was modified upon petition of the defendant, for change in custody or right of visitation of the minor daughter who was living with the plaintiff. In the modification decree, visitation was granted the defendant and he was ordered to pay $100.00 per month support for his minor daughter. At the hearing on the petition for modification, the defendant offered in evidence an agreement entered into by both plaintiff *64 and defendant on June 14, 1965 whereby a home owned in New Jersey was to be sold and the proceeds deposited with the Barnett National Bank in Jacksonville, Florida, as trustee. The agreement provided that a trust agreement would he drawn up instructing the Bank, as trustee, to administer the trust by paying certain sums for the education, medical and summer camp expenses of the children with a further provision that “at the completion of the education of the three children * * * any balance of unexpected principal and income remaining in the trust shall be paid over equally to Mr. Ayres and Mrs. Ayres, share and share alike.”
Subsequently on February 21, 1966, the plaintiff below, filed her petition for further modification of the final decree of divorce of July 1, 1964, wherein she prayed, inter alia, that the agreement of June 14, 1965, described supra, be ratified and confirmed as a proper and reasonable settlement agreement between the parties for the disposition of their property, and for provision for the support and maintenance of the children insofar as education, medical and summer camp expenses were concerned; also for enforcing the June 14th agreement, supra, and to have said agreement determined to constitute a trust as to the property therein involved. The agreement in question was attached to the petition.
The trial court heard the petition and entered its order on April 22, 1966, granting in general the prayer of said petition by ratifying and confirming said agreement of June 14, supra, and finding, inter alia, that the terms of the agreement of June 14, 1965, “are such as to constitute it as both a property settlement agreement as to the property described therein and an agreement providing for a substantial part of the support and maintenance of the children.” The agreement was copied verbatim in the decree and made a part thereof. The •order declared a trust existed and the defendant was ordered to do certain things to perfect the trust such as endorsing the checks given for the purchase price of the New Jersey home.
It is from this order that this interlocutory appeal is taken.
The controlling question presented to us is: did the trial court have jurisdiction to enter the order decreeing a trust in jointly owned property and in effect making a property settlement in a post decretal proceeding some 22 months after entry of final decree of divorce? This court has, we think, fully and comprehensively answered this question by holding that the court exceeded its jurisdiction as to the property rights of the parties, although it had retained jurisdiction as to modification of its decree as to custody and maintenance of the children. McEachin v. McEachin, 154 So.2d 894 (Fla.App.1st, 1963). In the original final decree of July 1, 1964, the court expressly retained jurisdiction “for the purpose of entering such further orders herein as may be advisable and proper with respect to the care, control, custody, support and maintenance of the children of the parties.”
This court, speaking through Judge Carroll in the McEachin case, supra, after quoting a number of Florida Supreme Court cases in support of his opinion, concluded that the reservation clause in the final decree involved “did not have the effect of reviving the chancellor’s jurisdiction he had lost after the times for filing an appeal and a petition for rehearing had passed.”[1]
The decree appealed went much further than dealing only with custody, maintenance and care of the children. It constituted a division of property of the parties. Further, it was fairly conclusively shown that there was really no important and certainly no essential need to set up the trust in question to assure support, maintenance, care and education of the minor children.
*65 Therefore, the order appealed is reversed and this cause remanded to the trial court for such further order as may be necessary to undo action already taken on the order appealed inasmuch as the same was not superseded.
RAWLS, C. J., and SACK, J., concur.

. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla.1948); and Cortina v. Cortina, 98 So. 2d 334 (Fla.1957).