JOHNSON, Judge.
This is an appeal from an order directing the defendant in a divorce action to redeposit certain funds in a bank and creating a trust therein as to such funds for the minor children of the parties.
The Final Decree of divorce was entered October 6, 1966, wherein a divorce was granted the plaintiff (appellee herein) and the custody of the three minor children awarded the plaintiff with certain support payments to be made by the defendant for the benefit of the children. In the Final Decree, the court retained “jurisdiction of this cause for the purpose of further orders pertaining to child custody and support.”
On April 22, 1967, approximately six months after entry of the final decree, the plaintiff filed a document in said cause and court wherein she alleged that at the time of the final decree of divorce the parties held in trust a savings account for the education of their children of about $1,800.00, for each child and that subsequent to the divorce and without the knowledge or consent of plaintiff, the defendant-appellant herein, withdrew the funds from the savings account.
The trial judge entered the order herein appealed.
The facts in the case sub judice are somewhat similar to the facts involved in the case of Ayers v. Ayers[1] decided by this Court in 1966, in which case the court attempted to create a trust for the minor children involved in a divorce action approximately 22 months after the final decree. This Court, in the Ayers case supra, followed the law as stated in the earlier case of McEachin v. McEachin[2] with reference to the reservation in the final decree of jurisdiction to enter further orders with respect to the custody, support and maintenance of the children, wherein the court said: the reservation clause in the final decree involved “did not have the effect of reviving the chancellor’s jurisdiction he had lost after the times for filing an appeal and a petition for rehearing had passed.”
Relying upon the authority of the above cited decisions, which are supported by the Florida Supreme Court authorities, it is the determination of this Court that the chancellor did not have jurisdiction to enter the post decretal order from which this appeal is taken. No fraud was alleged nor proven before the chancellor and if there was a joint ownership in the savings account in question, it may create a cause of action against the defendant, but any such action would of necessity at this date be an independent action ab initio and unconnected with the final decree of divorce. If the parties had intended that the final decree should deal with the savings account, it should have been inserted therein. It is too late to modify said final decree.
*59 The order appealed from is therefore reversed and remanded to the trial court to enter such further order, if any necessary, to properly place the parties in status quo as to said savings account at the time of entry of the order appealed from.
Reversed.
WIGGINTON, C. J., and SPECTOR, J., concur.

. Ayers v. Ayers, 191 So.2d 63 (Fla.App. 1st, 1966).

. McEachin v. McEachin, 154 So.2d 894 (Fla.App.1st, 1963).