PER CURIAM.
The appellant is the former wife of the appellee. She appeals a post-judgment order in which the trial judge did the following: (1) entered judgment against the appellee for the amount of the past due child support payments; (2) declined to use the equitable powers of the court to collect the arrearages; (3) entered judgment for the appellee reducing the amount of future child support payments.
Appellant’s principal contention is that the court committed error in denying appellant's motion to require appellee to produce specified stock certificates as a preface to levying upon them the anticipated judgment for arrearages in child support. Appellant had a right to the judgment. Boyle v. Boyle, Fla.App.1964, 164 *509 So.2d 566. But the use of the extraordinary powers of a court of equity to enforce the payment of support arrearages is a matter within the sound judicial of discretion of the trial judge. Rogoff v. Rogoff, Fla.App.1959, 115 So.2d 456; Boyle v. Boyle, Fla.App.1964, 164 So.2d 566; Olsen v. Olsen, Fla.App.1965, 172 So.2d 276, 277; Levison v. Levison, Fla.App.1967, 193 So.2d 630. The circumstances of this case do not show a clear abuse of discretion. The order is affirmed as to this holding.
Appellant’s remaining points claim error upon that portion of the order which reduced the amount of the monthly payment for child support. It is pointed out that the appellee’s motion for modification of the support provisions of the judgment of divorce was formally and voluntarily withdrawn prior to the entry of the order appealed. We believe that this fact was not called to the trial judge’s attention. We must therefore reverse that portion of the order appealed upon authority of the rule stated in: Cortina v. Cortina, Fla.1957, 98 So.2d 334; Parrish v. Parrish, Fla.App.1958, 99 So.2d 715; Ray v. Ray, Fla.App.1958, 99 So.2d 721.
Affirmed in part and reversed in part.