No appearance for appellee.
MANN, ROBERT T., Associate Judge.
Longo’s former wife failed to honor his rights of visitation with his teen-age daughters and he sought to hold her in contempt. She sought no diminution of those rights, but at the close of the hearing the trial judge, on his own motion, terminated Longo’s visitation rights permanently.
Longo says that a court cannot grant relief not asked for. This is a sound general statement, arising in other types of cases and carried from there to some Florida cases involving support of children. Before this court Longo cites only Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456, and Petrucci v. Petrucci, Fla.App.1967, 199 So.2d 516. The appellee filed no brief here, so the court has undertaken to unravel the legal problems involved.
“In any action for divorce or alimony, the court has power at any stage of the action to make such orders about the care, custody and maintenance of the children of the marriage, and what security, if any, is to be given therefor, as from the circumstances of the parties and the nature of the case is equitable.” Fla.Stat. § 61.13 (1969), F.S.A. That statute tells us why our hunch about a trial judge’s authority in matters affecting the welfare of children of divorced parents may be sounder than some black-letter proposition derived from cases in which a child’s welfare is not involved. A reading of the record in this case suggests that the trial judge is more concerned for these girls’ welfare than either of their parents or their stepfather. Longo is preoccupied with sex. He wears a bathing suit which shows more of him than ought to be shown, and, as a photographer, he prefers photographing nudes. Into the record here he introduced eighteen photographs of a young girl in a bathing suit, but this is self-serving: he clearly prefers a nude model. There is also testimony from a former baby-sitter that when she was about thirteen Longo took her home and inquired about the development of her breasts. He said that his interest was that of a professional photographer, but nevertheless a judge is justified in believing on this record that Longo has too much of the exhibitionist and voyeur in him to warrant unrestricted visitation with young girls.
The problem is that the order was rendered as a permanent one and no opportunity was given to Longo to address himself to the question whether the best interests of the girls require termination of visitation. It is easily conceivable that some restrictions may be placed on Longo’s privileges which would guard against the harm the trial judge foresees. The order ap *660 pealed from is, then, entirely appropriate as a temporary necessity, but may not be made permanent without affording further hearing.
Briefly, the divorce cases suggesting that a trial judge may not act sua sponte in these matters begin with Cortina v. Cortina, Fla.1957, 98 So.2d 334, which involved the amount of support and not the children’s welfare. That case rests on Lovett v. Lovett, 1927, 93 Fla. 611, 112 So. 768, which involved title to land. Cortina was followed in Parrish v. Parrish, Fla.App. 1958, 99 So.2d 715, and Petrucci v. Petrucci, Fla.App. 1967, 199 So.2d 516, Ray v. Ray, Fla.App.1958, 99 So.2d 721, none of which involved a child’s welfare as this case does. In Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456, the Third District Court of Appeal held that permanent withdrawal of visitation privileges from the father was improper without affording him an opportunity | to be heard. But Judge Charles CarrolLstated there: “We do not wish to be understood as holding that in the event of an Emergency the court cannot make such orders for temporary care, custody and for visitation as seem to be indicated,” but that amendment of rights given under a final decree should not be abrogated except upon the usual and ordinary procedure. 132 So.2d at 458. We agree. See Annotation, 16 A.L.R.2d 664; Shallcross v. Shallcross, 1909, 135 Ky. 418, 122 S.W. 223.
When it appears necessary to terminate or impose restrictions on a parent’s visitation with his children for the children’s benefit, the trial judge may make such orders as are necessary for the children’s protection, but they should not be imposed permanently unless a full hearing is afforded.
Accordingly, the order appealed from is affirmed insofar as its content is concerned, but reversed as to its duration, and the cause is remanded for further proceedings consistent herewith.
REED and OWEN, JJ., concur.