PER CURIAM.
Plaintiff wife has appealed a final judgment granting her a divorce from her defendant husband, Robert Harris; awarding her judgment for past due alimony pen-dente lite, court costs, attorney’s fees, and a special 40% equity in all property owned by her husband at the time of judgment.
By her appeal appellant contends that the trial court erred in refusing to declare a constructive trust upon and set aside deeds executed by her and her husband during their marriage conveying three parcels of land having a substantial value and in which she claims a special equity. She charges also that the trial court abused its discretion in refusing to award her permanent alimony.
The evidence establishes that during their marriage appellant and appellee-hus-band each worked and jointly accumulated the three parcels of land which form the crux of this controversy. At some point prior to their separation appellant and ap-pellee joined in executing deeds whereby one parcel of land in question was conveyed to appellee’s father and the remaining two parcels conveyed to appellee’s brother. Appellant alleged and sought to prove that at the time she executed the deeds in question she was told by appellee that they were mortgages which he proposed to give as security for a loan, but because of her temporary illness at that time, her lack of education and understanding of the legal import of the documents presented to her, she did not realize that she was conveying her equity and right of dower in the property and alienating her title thereto and interest therein. She therefore urges that her signature on the three deeds in question was procured by appellee through fraud and misrepresentation, because of which they should be set aside and the property impressed with a constructive trust in her favor for such equity and interest in the property as the court shall adjudge her to be entitled.
It is the settled law of this state that one seeking rescission or cancellation of an instrument has the burden of establishing his right to relief by clear and convincing evidence.[1] Before a constructive trust in real property will be created, the person claiming such interest must prove beyond a reasonable doubt by clear and convincing evidence those factors which give rise to the trust.[2] Our review of the *856 evidence contained m the record before us, when considered in the light most favorable to the prevailing party, supports the trial court’s conclusion that appellant failed to carry the burden of proof required of her in order to justify the relief sought. The same situation is true with regard to appellant’s contention that the court abused its discretion in refusing to award her permanent alimony.[3] The judgment appealed is accordingly affirmed.
SPECTOR, C. J., and WIGGINTON, and JOHNSON, JJ., concur.

. 5 Fla. Jur. 252, Cancellation, Reformation, and Rescission of Instruments, § 54.

. 33 Fla. Jur. 124, Trusts, § 124.

. Olsen v. Olsen (Fla.App.1965), 172 So.2d 276.