551 P.2d 64
**ANONYMOUS, Appellant,**
v.
**ANONYMOUS, Appellee.**
**No. 2 CA–CIV 2053.**

Court of Appeals of Arizona,
Division 2.
June 22, 1976.

Ronald R. List, Tucson, for appellant.

Law Offices of John Wm. Johnson by Gaila C. Davis, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

This appeal involves the propriety of the trial court's order entered upon its own motion, denying appellant visitation rights with his son until further order of the court.

On February 15, 1974, appellee was granted a divorce from appellant and was awarded custody of their minor child subject to appellant's right of visitation which was to be exercised at some location other than appellee's residence.

Two days prior to entry of the divorce decree, appellee filed a petition for an order to show cause alleging, inter alia, that appellant had violated previous orders of the court which prohibited him from coming on appellee's premises or in any way annoying or bothering her. At the show cause hearing it was established that on February 9, 1974, at approximately 9:00 p. m., appellant went to appellee's residence, turned off the electricity, cut the phone wires, slashed the tires on the automobile of a visitor and fired a shot at the occupants when they went outside to investigate.

Appellant was found in contempt but before sentencing, the court ordered that he be sent to the Pima County Hospital for observation.

At a hearing on April 1, 1974, appellant was represented by new counsel and the court, after reviewing psychiatric reports, sentenced him to thirty days in the county jail on the contempt charge.

The reports of the doctors revealed that approximately one year earlier appellant had been hospitalized and diagnosed as suffering from paranoid schizophrenia. He was at that time acutely psychotic. The doctors were of the opinion that he was still suffering from the same mental disease. One doctor stated that he displayed considerable hostility and had no insight into his condition.

On May 3, 1974, a hearing was held on the balance of the matters which were contained in the original petition for order to show cause and the court, inter alia, ordered that appellant was to have no contact with appellee nor with the minor child, either in person or through the agency of any other person until further order of the court.

On July 25, 1974, appellant moved to vacate that portion of the May 3 order which denied his right of visitation with his son. The motion to vacate was denied. Appellant contended below and contends now that his visitation rights were never before the court and that the action of the court therefore denied him due process. We do not agree. As in custody cases the best interest and welfare of the child is the controlling consideration·

*Re Two Minor Children,* 3 Storey 565, 53 Del. 565, 173 A.2d 876 (1961); *Risting v. Sparboe,* 179 Iowa 1133, 162 N.W. 592 (1917). While appellant characterizes the action of the court as a modification of the decree of divorce, we believe that it is more in the nature of a temporary order designed to protect the welfare of the child. The trial judge, who was well acquainted with appellant from previous court encounters, stated that appellant could come back into court for restoration of visitation rights as soon as he could show that he had the mental capacity and stability to have visitation. In emergency situations and in exercise of its equitable jurisdiction over children, the court may make temporary orders concerning visitation on its own motion in order to protect the physical and mental welfare of the children. *Scheer v. Scheer,* 132 So.2d 456 (Fla.App.1961). We believe the circumstances justified the court's order.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.