429 So.2d 432 (1983)
Scherlene K. MORGAN, Appellant,
v.
Carl F. MORGAN, Appellee.
No. AL-167.
District Court of Appeal of Florida, First District.
April 5, 1983.
Lyman T. Fletcher of Fletcher & Fletcher, Jacksonville, for appellant.
Paul M. Harden of Smith, Davenport, Bloom & Harden, Jacksonville, for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order whereby she was found to be in contempt of court and payments made by appellee for the support of the parties' minor child were temporarily reduced. We find the adjudication of contempt to be without error, but we determine that appellee's child support obligation was not susceptible of modification in the proceeding below.
The parties' marriage had previously been dissolved pursuant to a decree which mandated that:
The wife [appellant] is directed and required to hold the husband [appellee] harmless on any debts to the parents of the wife until such time as any confessions of judgments or affidavits of judgments outstanding are returned to the attorney for the husband... .
Appellant declined to comply with this provision of the dissolution decree and was properly found to be in contempt of court for such willful refusal. But, in the context of the present proceeding, the trial court erred in temporarily reducing appellee's child support obligation "until this debt is satisfied." Although a court has broad powers to insure enforcement of its orders, § 61.13(1), Florida Statutes, permits modification of an obligation for the support of a minor child only when the best interests of the child are served, or a substantial change of circumstances exists so as to justify the modification. Such modification must be specifically requested with notice to the adverse party, and may not ensue upon a motion for contempt. Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Sardinas v. Sardinas, 401 So.2d 909 (Fla. 4th DCA 1981). In the present case modification was neither requested nor noticed, and the trial court's limited inquiry did not fully ascertain the *433 financial circumstances of the parties or the best interests of the parties' minor child. In these circumstances it was error to modify appellee's child support obligation.
The order appealed is hereby amended so as to delete the temporary modification of appellee's child support obligation, and as amended the order appealed is affirmed.
SHIVERS, J., concurs.
JOANOS, J., concurs in part, dissents in part with opinion.
JOANOS, Judge, concurring in part and dissenting in part.
I concur in the majority opinion in its affirmance of the finding of contempt but dissent from its reversal of the second point on appeal.
My difference with the majority begins with its characterization of the trial judge's order on motion for rehearing.[1] In the majority opinion the order is called a temporary reduction of appellee's child support obligation. It is not that at all. It provides merely a method by which the appellee can be repaid by appellant for the financial injury that he has suffered because of her contemptuous behavior.
The order was entered after the trial judge had inquired and determined that appellee had become employed since the dissolution and was financially able to reimburse appellant for the financial injury that she had caused him without affecting the child's welfare. This is especially clear when we consider that this form of payment was selected by the trial judge instead of his earlier requirement in the original order of contempt by which appellant was required to spend 180 days in jail unless she purged herself by paying appellee $22,700.00 or having the judgment against appellant satisfied. The trial judge chose to let appellant pay appellee $200.00 per month until he was made whole. By allowing appellee to retain $100.00 from each payment going to appellant the financial exchange was simpler and, in addition, this is a practical way for the contempt order to be enforced since the appellant no longer resides in Florida. Our concern should rightfully be for the welfare of the child. Along these lines, I believe the trial judge showed wisdom in preferring a method which would keep the child's mother with her rather than facing the alternative of a jail stay.
Further, even supposing that the majority is correct in finding fault with the retention of money from payments from appellee *434 to appellant, I disagree that the result of this should be merely to delete the provision of the order allowing the retention of $100.00 from each child support payment. Such a result will render no remedy for appellee who has suffered from appellant's failure to hold him harmless from the debts in question. The matter should be remanded to the trial judge so that he may fashion a remedy based on the finding of contempt that will offer relief to appellee.
NOTES
[1] The full text of that order is as follows:

ORDER ON MOTION FOR RE-HEARING
This cause came on to be heard on Wife's motion for re-hearing entered November 5, 1981. Re-hearing was granted as to the sentence for contempt and the extradition of the Wife, and the parties having appeared with their lawyers and testimony taken and evidence received, the Court finds:
In the Final Judgment of Dissolution of Marriage entered October 24, 1980, the Wife was "directed and required to hold Husband harmless on any debts to the parents of the Wife until such time as any confessions of judgments or affidavits of judgments outstanding are returned to the attorney for the Husband, namely: Paul M. Harden, Esquire, of 2601 Gulf Life Tower, Jacksonville, Florida 32207." This provision was not complied with, and the Wife's parents sued Husband and Wife in Pennsylvania on a confession of judgment. Case Number 80-N-3192 in the Court of Common Pleas in and for Lehigh County, Pennsylvania. The Wife (daughter of Plaintiff) was discharged from the action and a judgment was entered against the Husband on October 20, 1980. The father of the Wife is now in this Court seeking enforcement of the judgment obtained in Pennsylvania which according to the Wife's testimony was exclusively her debt.
The Wife was unemployed when the dissolution was granted, but now has employment making sufficient moneys to hold the Husband harmless from any debt due her parents. Therefore, it is
ORDERED:
1. This Court finds the Wife to be in contempt of Court for violating the provisions of paragraph 9 of the Final Judgment of Dissolution of Marriage entered October 24, 1980.
2. The Husband may withhold from the Wife the sum of One Hundred Dollars ($100.00) on the first of each month, and One Hundred Dollars ($100.00) on the fifteenth of each month until this debt is satisfied.
DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 8th day of March, 1982.
 /s/ Everett Richardson 
 CIRCUIT JUDGE