COBB, Chief Judge.
The appellant, Martin J. Vanoy, appeals an order of the circuit court which held him in indirect civil contempt, and which modified the visitation rights of the appellee, Linda Johnson, formerly Linda Vanoy. It is readily apparent that the contempt order must be reversed. The order was entered pursuant to a hearing that was noticed for consideration of the former wife’s petition for modification of a prior custody order. In that petition, she sought primary physical custody of the minor son of the parties, based on a change of circumstances. The charge of indirect contempt against the appellant was not noticed in the manner required for a valid adjudication of contempt under the dictates of due process. Ex Parte Biggers, 85 Fla. 322, 95 So. 763 (1923); Palmer v. Palmer, 36 Fla. 385, 18 So. 720 (1895); Delves v. Delves, 213 So.2d 895 (Fla. 1st DCA 1968); In The Interest of S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965).
The second issue on appeal concerning modification of the mother’s visitation privileges is more difficult to resolve. The trial court held a valid noticed hearing on the appellee’s motion for change of custody. In appellee’s testimony she revealed that she and her new husband were moving from Melbourne, Florida to Atlanta, Georgia within a matter of days. She. was not seeking enlarged visitation, but rather a change of primary custody. The question is whether the notice of hearing on the greater relief sought by the appellee, i.e., complete change of custody, encompasses notice that the lesser relief, i.e., enhanced visitation, may be considered and granted.
The appellant relies on the cases of Cortina v. Cortina, 98 So.2d 334 (Fla.1957) and Scheer v. Scheer, 132 So.2d 456 (Fla. 3d DCA 1961), for the proposition that the trial court cannot modify a prior judgment except where the issue is presented by the pleadings and litigated by the parties during the noticed hearing. We believe that Cortina and Scheer are distinguishable from the instant situation.
In Cortina the noticed issue before the trial court was the alleged contempt of the custodial parent, the mother. Following the hearing on contempt, the trial judge sua sponte revoked a prior support award as a method of enforcing the father’s visitation privileges. The Florida Supreme Court reversed on the basis that the issue of modifying the prior support order was not presented in appropriate pleadings, on the basis that the affected party, the mother, was not afforded an opportunity to be heard on that issue. In Scheer the noticed issue set for hearing was a father’s post-judgment motion for change of custody. After an evidentiary hearing, the trial judge not only denied the requested relief but also completely withdrew the father’s right to visitation, relief which was not pleaded or requested by the mother. The appellate court felt that the final order which granted such visitation rights to the father should not be amended so as to totally divest those rights in the absence of appropriate pleadings and notice apprising the affected party that the issue will be considered by the court. Moreover, the supreme court found that there was no factual basis to support the drastic action taken below.
In the instant case, the father, Martin Vanoy, was on notice that the extent of his primary custody was being challenged, and that he could lose that primary custody altogether to the appellee. Unlike the situation in Cortina and in Scheer, we are not confronted with a trial court judgment made upon a matter entirely outside of the issue presented in the pleadings. Rather, we are dealing with a situation which is analogous to lesser included offenses in the field of criminal law. It would appear that the lesser deprivation which was granted by the trial court (enhancement of the mother’s visitation privileges) was encompassed in the greater requested deprivation (transfer of primary custody to the mother), which was noticed for hearing.
For the foregoing reasons, we reverse the adjudication of contempt, and affirm the trial court’s modification of the mother’s visitation privileges.
*455 AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings consistent herewith.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.