SHIVERS, Judge.
Appellant Warren V. King appeals an order entered by the trial court directing him to pay over $16,000 in medical expenses incurred by the parties’ minor child. We reverse the trial court’s order and remand for further proceedings.
Appellant and appellee originally married in 1965 and had two children, one of whom is currently a minor. During the last seven years of the marriage, appellant worked as a barge superintendent in the Arab state of Bahrain, earning an annual tax-free salary of $80,000. On September 5,1985, the trial court entered a final judgment of dissolution awarding appellee custody of the minor child, and ordering appellant to pay $500 per month in child support until the minor child’s graduation from high school and $1,500 in rehabilitative alimony for 24 months, to secure all future child support with a life insurance policy, and to “provide health insurance for the minor child and provide to petitioner/wife all necessary documentation to. insure immediate health care for the minor child.” In May of 1986 appellant was terminated from his job in Bahrain and returned to the United States, but was unable to find work. In March of 1987, he ceased paying rehabilitative alimony and reduced the monthly child support payment to $250 per month. When the minor child was hospitalized on January 20, 1987 following an asthma attack, appellee learned for the first time that appellant had not procured health insurance for the child as he had been directed to do in the final judgment of dissolution. Husband still failed to obtain health insurance and, several months later, the child was rehospital-ized following a suicide attempt. Appellee incurred medical bills for the second hospitalization totaling $16,922.
On March 24, 1987, appellee filed a motion for contempt based on appellant’s failure to have provided the necessary health insurance. Several days later, appellant filed a motion for modification, alleging that his job termination in May of 1986 constituted a substantial change in circumstances supporting a termination of rehabilitative alimony. His motion for modification did not seek termination or reduction of the child support obligation. In May of 1987, appellee filed an amended motion for contempt, adding the appellant’s failure to pay rehabilitative alimony and child support in accordance with the final judgment.
A hearing was conducted in August of 1987 on both the appellee’s motion for contempt and the appellant’s motion for modification of rehabilitative alimony. After hearing evidence addressed to the two motions, the trial court entered an order denying both the appellee’s motion for contempt and the appellant’s motion for modification; however, appellant was ordered to reimburse appellee for $8,424.75 in medical expenses already paid by her in connection with the child’s hospitalization, and to pay the $9,248.15 in medical bills still owing “since he did not maintain health insurance covering his daughter in accordance with the court’s final judgment of dissolution.” *433 The trial court also noted that the appellant was $10,500 in arrears on rehabilitative alimony and $2,000 in arrears in child support, and directed him to make efforts to bring those arrearages current.
Mr. King appeals the portion of the trial court’s order directing him to pay the medical bills incurred by the minor child, arguing that the trial court improperly modified the final judgment of dissolution without a petition for modification addressing that issue having been filed as required in Morgan v. Morgan, 429 So.2d 432 (Fla. 1st DCA 1983).
Although the trial court denied wife’s motion for contempt, it appears that the court, in ordering husband to pay the medical expenses, was attempting to enforce the provision of the final judgment of dissolution requiring husband to have obtained health insurance coverage for the child. We note that it is within the trial court’s discretion to refrain from holding the husband in contempt, but to enforce compliance with a provision for child support by any equitable remedy that the court may determine to be appropriate or necessary. Brock v. Hudson, 494 So.2d 285 (Fla. 1st DCA 1986); Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974). In this case, however, the trial court erred in enforcing the judgment of dissolution by requiring husband to pay the child’s medical expenses, without having first determined: (1) whether the medical expenses incurred by the minor child would have been covered by the policy of insurance which the husband was ordered to procure, or were the type of expenses the trial court contemplated would be covered by the policy of insurance; and (2) the appropriate method of allocating the payment of those expenses not covered by the policy of insurance, if any, between the two parties, after considering the relative financial ability of each to pay.
Accordingly, we reverse that portion of the trial court’s order requiring husband to pay the child’s medical bills, and remand for the court to conduct an evidentiary hearing and to make specific findings on the points discussed above.
JOANOS and WIGGINTON, JJ., concur.