654 So.2d 1014 (1995)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, and Geneath Williams, Appellants,
v.
Larry BURNS, Appellee.
No. 94-1729.
District Court of Appeal of Florida, First District.
May 12, 1995.
*1015 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A.; Chriss Walker of Dept. of Revenue, Tallahassee, for appellants.
No appearance, for appellee.
VAN NORTWICK, Judge.
The State of Florida, Department of Health and Rehabilitative Services (HRS), appearing on behalf of Geneath Williams, appeals an order that modified appellee's child support obligations; reduced the amount of child support arrearages; and ordered the state to retain the first $50 of child support paid by appellee, rather than to pay the $50 amount to Williams as provided in 42 U.S.C. § 602 (a)(8)(A)(vi). We reverse.
In 1986, appellee, Larry Burns, was adjudicated the father of two boys born to Geneath Williams and was ordered to pay $150 per month for their support. On March 28, 1994, HRS and Williams filed a contempt action alleging that Burns was in arrears on his child support obligations. At the time, Williams had custody of the two boys and a third child, who is unrelated to Burns.
Initially, Williams received Aid to Families with Dependent Children (AFDC) benefits of $241 per month for her third child. However, in January 1994, she began receiving AFDC benefits of $303 per month for one of the parties' sons and the third child,[1] a $62 increase.
In the order appealed, the trial court reduced the amount of Burns' child support arrearages owed for three months from $450 to $186, which would be the equivalent of three payments of $62 per month. In addition, the court reduced the amount of Burns' prospective child support obligation from $150 to $62 per month. Finally, the trial court ordered the State of Florida not to pay the first $50 of child support required to be paid to Williams by 42 U.S.C. § 602(a)(8)(A)(vi). The court ordered this $50 payment, commonly known as the "disregard check," to be retained by the State of Florida.
Turning first to the trial court's prospective modification of Burns' child support obligation, we note that the petition for contempt and the notice of hearing therefor do not contain any mention of modification proceedings or notice that the issue of modification would be considered. Modification of child support must be specifically requested with notice to the adverse party and may not ensue upon a motion for contempt. Morgan v. Morgan, 429 So.2d 432 (Fla. 1st DCA 1983). A trial court cannot circumvent the required pleadings by ordering child support modification on its own motion unless proper notice is given so that the opposing party has *1016 a fair opportunity to oppose the motion. Jackson v. Powell, 546 So.2d 1145, 1146 (Fla. 3d DCA 1989). Thus, the trial court was without authority to reduce Burns' child support obligations from $150 per month to $62 per month and the order modifying child support was error.
Turning next to the trial court's order reducing the amount of past-due child support arrearages from $450 to $186, we observe that the right to arrearages in child support is a vested right which inures to the benefit of the child. Absent extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent, a trial court cannot cancel or retrospectively reduce the amount of past due installments owed. Ashe v. Ashe, 509 So.2d 1146, 1148 (Fla. 1st DCA 1987). The record does not indicate the presence of any of these circumstances, and therefore the trial court's order reducing the arrearages was error.
Finally, we conclude that the trial court erred in ordering that the state "... not pay the first $50.00 of child support paid by the Defendant to Ms. Williams [but] [t]he $50.00 payment... shall be retained by the State of Florida." Title IV of the Social Security Act (42 U.S.C. § 601, et seq.) governs the entitlement of families to AFDC benefits. Since Florida has previously elected to participate in the AFDC program, it is required to operate its program in accordance with the provisions of Title IV. Ziegler v. Department of Health and Rehabilitative Services, 601 So.2d 1280 (Fla. 1st DCA 1992); Ealey v. Holt, 523 So.2d 173 (Fla. 1st DCA 1988). Under Title IV, to receive AFDC benefits, Ms. Williams must assign the right to receive child support payments to the state. The state collects child support monies and offsets them against amounts paid out in AFDC benefits. As a result of a 1984 amendment to Title IV, families receiving AFDC benefits were required to include in the filing unit any child for whom support payments were being received, which had the effect of reducing the income of many families. To mitigate somewhat this impact of the change, Title IV was amended to provide that the participating state agency, HRS in Florida, "... shall disregard the first $50 of any child support payments for such month received in that month," 42 U.S.C. § 602 (a)(8)(A)(vi), thereby enabling the AFDC family to receive that $50 payment of child support. The legislative intent of this $50 disregard provision was recognized by the United States Supreme Court in Bowen v. Gilliard, 483 U.S. 587, 594, 107 S.Ct. 3008, 3013-14, 97 L.Ed.2d 485 (1987), as follows:
The burden of the change was mitigated somewhat by a separate amendment providing that the first $50 of child support collected by the State must be remitted to the family and not counted as income for the purpose of determining its benefit level. See 42 U.S.C. §§ 602(a)(8)(A)(vi), 657(b)(1) (1982 ed., Supp. III). Thus, the net effect of the 1984 amendments for a family ... would include three changes: (1) the addition of the child receiving support would enlarge the filing unit and entitle the family to a somewhat larger benefit; (2) child support would be treated as family income and would be assigned to the State, thereby reducing the AFDC benefits by that amount; and (3) the reduction would be offset by $50 if that amount was collected from an absent parent. In sum, if the assigned support exceeded $50 plus the difference in the benefit level caused by adding the child or children receiving support, the family would suffer; if less than $50 and the difference in the benefit level was collected as support, it would not.
(Footnote omitted).
The trial court's order requiring the State of Florida to retain the $50 disregard amount, rather than pay this amount to Williams, is in direct conflict with the provisions of 42 U.S.C. § 602 (a)(8)(A)(vi) and the intent of Congress in enacting that statute.
REVERSED and REMANDED for proceedings consistent with this opinion.
WEBSTER and MICKLE, JJ., concur.
NOTES
[1] The other son, who is disabled, receives social security benefits, and is ineligible for AFDC benefits.