164 So.2d 553 (1964)
Frank HETTINGER et ux., Appellants,
v.
J.W. McMAHON et al., Appellees.
No. 4721.
District Court of Appeal of Florida. Second District.
June 3, 1964.
*554 Clyde H. Wilson, Sarasota, for appellants.
Lawrence J. Robinson, of Paderewski, Cramer & Robinson, Sarasota, for appellees.
ANDREWS, Judge.
This is an interlocutory appeal from an order entered December 13, 1963, finding Frank Hettinger and his wife, the appellants, guilty of contempt for failure to comply with the provisions of an injunction decree entered October 7, 1960 and amended July 12, 1963, enjoining a nuisance.
It appears that the appellants, Frank Hettinger and his wife, established a caged chicken farm in a rural area many years ago. As the area grew, neighbors moved in and complained of the large fly population. As a result, the appellees, W.J. McMahon and others, brought suit to enjoin a nuisance. The part of the final decree which formed the basis of the petition to show cause required the appellants to (1) remove all chickens from the premises, (2) keep all chickens and manure and waste in screened enclosures sufficient to keep flies and other disease bearing pests from escaping, or (3) "* * * remove or cause to be removed all chicken manure from the premises described in the Final Decree, not less often than every six (6) days between April 1st and October 1st of each year, and not less often than every twelve (12) days between October 1st of each year and April 1st of each succeeding year."
The appellants elected to comply with the third alternative set forth above. It is the failure to comply with this provision for which they were found guilty of contempt.
The testimony as is usually true in such cases was in considerable conflict.
A careful reading of the decree shows the conflict of interpretations that could result. First, it could be said that it requires all manure to be removed from the premises before it was six days old; or secondly that the place had to be completely free of manure every six days. Mr. Hettinger felt that he was complying, in that he claimed to remove all manure from the premises before it was six days old. The appellees and their witnesses seemed to think that because a feed company picked up all manure remaining *555 unsold every seven days that he was not complying. The record shows further that there were cattle ranches in the area which could conceivably provide a breeding place for the fly nuisance.
While the cause is not triable de novo and much weight is given to the findings of fact by the trial court we still are required to consider such facts as are relevant to a proper consideration of the issues before this court. The exact extent to which we may go in deciding questions of fact from the record is vaguely defined. It lies in a shadow land, a twilight zone whose boundaries do not admit a definite charting. It is the rule that in order to warrant a conviction of contempt it must be established by clear and satisfactory evidence that the accused is guilty.
The real question raised in this controversy is whether or not the appellants were sufficiently charged with the knowledge of what they were required to do in order to comply with the decree of the court. Without doubt obedience of a court order must be secured, and to secure such obedience is the usual function of a proceeding for contempt. However, courts should be explicit and precise in their commands and should only then be strict in exacting compliance.
On the other hand, if a court order directed to litigants is too general and appears too burdensome and uncertain in its scope the aggrieved parties should petition the court for modification, clarification or construction of the order, and if they fail to do so they act at their own peril. However, we are satisfied that this rule must be applied with great caution in contempt matters where severe penalties can be pronounced.
It appears from the record on appeal that the decree which formed the basis of the contempt judgment is not sufficiently specific to sustain contempt proceedings. 17 C.J.S. Contempt § 37; Brody v. District Court of Pottawattamie County, 1959, 250 Iowa 1217, 98 N.W.2d 726.
For the foregoing reasons the order appealed must be reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.
SHANNON, Acting C.J., and WHITE, J., concur.