313 So.2d 135 (1975)
Rosalind KRANIS, Appellant,
v.
Robert KRANIS, Appellee.
No. 74-1239.
District Court of Appeal of Florida, Third District.
May 20, 1975.
Rehearing Denied June 18, 1975.
*136 Breger & Schreiber, North Miami Beach, for appellant.
Melvin A. Rubin, Miami, for appellee.
Before HENDRY and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL (Ret.), Associate Judge.
The appellant, Rosalind Kranis, who was the respondent in an action for dissolution of marriage, appeals from an order by which the provisions of the judgment as to visitation and child support were modified, on hearing on her motion, that was denied, to vacate a prior contempt order. We find error and reverse.
The marriage of the parties was dissolved by a judgment entered in the circuit court of Dade County on August 14, 1973. Therein Rosalind was awarded custody of the children of the marriage, daughters aged eight and ten years. The husband, Robert Kranis, was ordered to pay child support of $50.00 per week for each child. He was granted the right of reasonable visitation, viz: "all reasonable rights of visitation with said minor children". Rosalind's claim for alimony was denied.
After the judgment Robert remarried. Rosalind moved to the town of Rye, New York, where she and the children have continued to reside with Rosalind's parents, by whom Rosalind is being supported. Rosalind's removal with the children to the state of New York was authorized, not alone from necessity for economic reasons, but with approval of the court. No provision of the judgment restrained her move, and (as appears from the record in a subsequent proceeding in the case) a motion by Robert to require Rosalind to remain in Florida was denied.
In the spring of 1974 when Robert visited with the children in the state of New York, and in later correspondence between attorneys for the parties, Robert sought to have Rosalind permit him to take the children to Florida to visit in his home there for a period of weeks in the ensuing August. Rosalind would not agree thereto. The children who knew and had developed an intense dislike for Robert's wife, were opposed to visiting him in the presence of his wife.
*137 Robert moved the court to hold Rosalind in contempt, on the ground that her refusal to accede to his request for such visitation of the children with him in Florida was a violation of the visitation provision of the judgment. A notice of hearing thereon was mailed by Robert's attorney to a New York attorney whom Rosalind had engaged after moving to New York. The sufficiency of that notice as served on Rosalind for the contempt hearing, by notice to the attorney who was not of record in the case, was not challenged (Cf. Ginsberg v. Ginsberg, Fla.App. 1969, 122 So.2d 30 and 123 So.2d 57). Rosalind filed an affidavit in opposition to Robert's motion, but was not present at the hearing. The court entered an order on May 28, 1974 holding Rosalind "in contempt in absentia".
Rosalind did not appeal from that order, but on July 18, 1974, she filed a motion to vacate the contempt order. At the hearing set and held on Rosalind's motion the court entered an order from which she has prosecuted this appeal. Therein the court denied her motion to vacate the prior contempt order, and modified the final judgment in two respects, in favor of Robert. The provision of the judgment relating to visitation was modified by a provision that the granted rights of Robert for reasonable visitation should include the right of Robert to bring the children to Florida to visit with him for a period of three weeks (at his cost and with him accompanying them). The order also modified the child support provision of the judgment, by holding the payments ordered by the judgment to be paid by Robert for support of the children would be suspended upon refusal of Rosalind to permit such (extended and distant) visitation of the children with Robert in Florida, within five days. As a result the children have been without support from their father for the period involved since said order. The order also contained a provision that the wife could purge herself of the "continuing" contempt by acceding to said [modified] provision for visitation.
The modifications of the judgment in the two respects outlined above, done on hearing Rosalind's motion to vacate the contempt order, were without any appropriate pleadings therefor and advance notice of hearing on such modification matters. Modification of the judgment in that manner was error, on the authority of Cortina v. Cortina, Fla. 1957, 98 So.2d 334, in which it was held that it is error to modify a final judgment (after rehearing period has elapsed) unless upon appropriate pleadings therefor with notice of hearing thereon sufficient to afford opportunity to plead and defend against the same.[1]
In Cortina the Supreme Court said:
"There can be no doubt that a Chancellor cannot modify a support decree, or any other decree, unless the issue of modification is presented to him in appropriate proceedings and each party is given an opportunity to be heard on such issue. After the expiration of the ten-day period within which to file a petition for rehearing, 31 F.S.A. Rule 3.16, Fla. Rules of Civ.Proc., a divorce decree providing support for children is just as final as any other decree, as to all conditions and circumstances that existed as of the date of the decree. Sec. 65.15, Fla. Stat. 1955, F.S.A. And as stated in Pace v. Pace, 1930, 99 Fla. 859, 128 So. 488, 489, `After the lapse of time as thus provided by rule * * *, final decrees cannot be changed, added to, nor taken from, except as to the correction, nunc pro tunc, of mere clerical errors or misprisions, without resorting to the recognized processes of equity, based upon appropriate grounds.'"
In dealing with such a problem, in Scheer v. Scheer, Fla.App. 1961, 132 So.2d 456, at 458, this court said:
"In Cortina v. Cortina, supra, subsequent to a divorce decree the husband *138 brought the wife into court on a contempt rule for allegedly refusing his allowed visitation. The court went beyond the issue made on the petition and rule to show cause and amended the decree to relieve the husband of the duty to pay support. That order resulted when, during the course of the hearing on the rule to show cause, the court reached the conclusion that the denial of visitation was the fault of the daughter and the mother was not inclined to correct it. After amending the decree by relieving the husband from payment of support, it was provided that if the mother and the daughter later decided to comply with the decree as to visitation the court would amend the decree further to again provide for support money. In reversing that order, the Supreme Court held that the decree was final on matters such as custody and visitation for all facts and circumstances as of the time it was entered, and should not be amended in respects for which no amendment was sought and pleaded.
"We do not wish to be understood as holding that in the event of an emergency the court cannot make such orders for temporary care, custody and for visitation as seem to be indicated, but we hold that when a parent or other person has by final decree been granted legal custody or visitation rights relating to the custody of children, the final decree should not be amended to take away such rights or any substantial change made therein except upon the usual and ordinary procedure of pleading including an allegation or statement of the basis of the claim for the change by the party seeking it and an opportunity to directly answer the same and raise issue thereon so that the parties may know that their evidence is being directed to or with reference to that issue, and in order that a record may be made for the benefit of a reviewing court if review should be sought. See Kurtz v. Kurtz, supra [112 Fla. 619, 150 So. 785]; Cortina v. Cortina, supra; Parrish v. Parrish, Fla.App. 1958, 99 So.2d 715, 716; Ray v. Ray, Fla.App. 1958, 99 So.2d 721, 723; Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838."
Accordingly, the provisions of the order appealed from which thus modified the judgment as to visitation and child support are hereby reversed.
The further question presented by this appeal is whether refusal of the mother to permit the children to be taken by Robert from their home in New York state to visit with him in Florida for a period of weeks constituted a violation of the right of reasonable visitation provision of the final judgment, such as to justify the order for continuance of the contempt order.
While Rosalind did not appeal the initial order of contempt, that question was presented to the court by her later motion to vacate the contempt order, whereby she sought to avoid the continuing effect thereof on the ground that her refusal for the specific visitation requested was not unreasonable under the judgment.
Whether Robert was entitled to take the children from New York to Florida for a visit of several weeks and Rosalind was impelled to permit it, required consideration of the meaning and purpose of the reasonable visitation provision of the judgment in light of the conditions and circumstances which existed at the time that the judgment was entered, when the parties and the children were residing in Dade County, Florida. In such circumstance the "reasonable visitation" provision was customary and adequate.
A bare provision granting the father of minor children a right of reasonable visitation, in a judgment of dissolution of marriage in which the wife is awarded custody of the children, ordinarily contemplates that the father may visit with the children at their home, and, on (convenient) occasions, may have the children with him for short periods such as a part *139 of a day, or a day or so, away from their home but in the city or general area in which they reside. More extended visitation, which could not be insisted upon under such a general and limited provision, could be exercised through consent of the wife thereto.
When a mother has moved with the children to another state, following a local dissolution of marriage granting the father a right of reasonable visitation, the exercise of his right of visitation with the children, such as in the manner referred to above, obviously becomes inconvenient, because it is time consuming and expensive, etc. In such circumstance, if enlarged or more specific rights of visitation than the father would be entitled to demand under a simple reasonable visitation provision are desired by him, then as indicated in Cortina it is incumbent upon the father to seek a modification of the judgment in that regard, by filing an appropriate motion therefor and bringing the matter on for hearing thereon after notice, and opportunity for the opposing party to plead in response thereto.
In this case, it is our view that where Rosalind and the children were living in New York state she was not required by the "reasonable visitation" provision of the judgment to permit Robert to take the children from that state to Florida to visit with him there for a period of weeks.
We so hold because a party should not be held to be in contempt for violation of an order, or provision of a judgment, which is not clear and definite, so as to make the party aware of its command and direction, as applied to a given circumstance upon which such party is called upon to act, or refuse to act.
Thus in Hettinger v. McMahon, Fla. App. 1964, 164 So.2d 553, 555, the court said:
"The real question raised in this controversy is whether or not the appellants were sufficiently charged with the knowledge of what they were required to do in order to comply with the decree of the court. Without doubt obedience of a court order must be secured, and to secure such obedience is the usual function of a proceeding for contempt. However, courts should be explicit and precise in their commands and should only then be strict in exacting compliance.
"On the other hand, if a court order directed to litigants is too general and appears too burdensome and uncertain in its scope the aggrieved parties should petition the court for modification, clarification or construction of the order, and if they fail to do so they act at their own peril. However, we are satisfied that this rule must be applied with great caution in contempt matters where severe penalties can be pronounced."
The provision for "reasonable rights of visitation" in the judgment in this case was not thus "explicit and precise", as a command or judicial direction to the wife to grant the particular extended visitation sought by Robert.
We hold, therefore, it was an abuse of discretion for the court to deny Rosalind's motion to vacate or terminate the prior contempt order, by concluding, as the trial court necessarily did, that Rosalind's refusal of the requested extended visit of the children in Florida was a willful violation by her of the final judgment.
The order appealed from is reversed, and the cause is remanded with directions to enter an order vacating the contempt order, reinstating the final judgment's provision for payment of child support and ordering the appellee to pay to the appellant the child support payments provided for in the final judgment which have not been paid, on such terms as the court may provide therefor.
It is so ordered.
NOTES
[1] That holding in Cortina has been followed and applied in decisions too numerous to justify listing them here.