ERVIN, Judge.
This is an appeal from an order holding appellant in contempt of court and sentencing her to 30 days, but allowing her to purge herself of contempt provided she comply with the provisions of the court’s order relating to the visitation rights of appellee with the minor children of the parties and that she pay the remaining balance of $575.00 in attorney’s fees to appel-lee’s attorney at the rate of $100.00 per month until the same was paid in full.
The direction of the court that Ms. Crutchfield pay the remaining balance of $575.00 in attorney’s fees or be held in contempt of court, without an express finding that she had the present ability to comply with the order of the trial court, is inconsistent with a recent opinion by the Florida Supreme Court in Faircloth v. Faircloth, 339 So.2d 650 (Fla.1976). In Faircloth v. Faircloth, the court stated at 339 So.2d 651-652:
“We hold a trial judge must make an affirmative finding that either (1) the petitioner presently has the ability to comply with the order and willfully refuses to do so, or (2) that the petitioner previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
This Court expressly stated in State ex rel. Trezevant v. McLeod [126 Fla. 229, 170 So. 735], supra, as follows:
‘Under the most respectable authority on contempt that we have been able to find, a “process” contempt commitment for refusing to obey an order of court must be based on an affirmative finding that it is within the power of the defendant to obey the order, and such finding must be made to appear on the face of the order of commitment, else it is void. Ex parte Cohen, 6 Cal. 318; Repalje on Contempt, par. 129. The order here involved is not an order of that nature.’ ”
We are also of the view that the portion of the order relating to visitation rights of the former husband should be modified. The terms of the order are exacting and inflexible and make no allowance for illness or other extenuating circumstances which would permit appellant any latitude in the event of noncompliance. Since the youngest child born of the marriage was eight years of age, appellant was obliged for ten years to follow the order to the letter or be subject to a jail term without prior notice. Moreover, for the next ten years appellant must present the children at appellee’s residence not later than 3:00 p, m. on the second Saturday of each August and upon her failure to do so, she may purge herself of contempt only “if she will strictly and without deviation comply with the provisions of paragraph number three of this order with respect to the full and free visitation rights of the defendant, . .” Otherwise, a writ of attachment for her arrest and incarceration will be issued “upon sworn application as to her defalcations and without further notice to the plaintiff.”
Aside from any consideration that the above order may not be in compliance with Section 38.23, Florida Statutes (1975), providing that a refusal to obey any legal order “after due notice thereof, shall be considered a contempt . . . (Emphasis added), it is clear that the order was *833 couched in language must too broad. It is similar to the contempt order which was reversed in Kranis v. Kranis, 313 So.2d 135 (Fla.3rd DCA 1975), in which the former wife was held in contempt of court for failure to comply with a final judgment of dissolution granting the former husband the right of reasonable visitation to the minor children born of the marriage. Subsequently she moved from Florida to New York and the former husband sought to have the wife permit him to take the children to Florida to visit him there but she refused to do so. The court found her in contempt in absentia and modified the child support provisions, but also provided that she could purge herself of continuing contempt by acceding to the provision allowing for visitation. On appeal, the court stated that the lower court’s order modifying the final judgment without prior notice was error, citing Cortina v. Cortina, 98 So.2d 334 (Fla.1957). Moreover the court’s order finding the former wife in contempt for failure to comply with the reasonable visitation provision of the judgment was not clear and concise since the court observed that it was questionable whether such provision permitted the former husband to take the children from New York to Florida to visit with him there for a period of two weeks. The court continued:
“We so hold because a party should not be held to be in contempt for violation of an order, or provision of a judgment, which is not clear and definite, so as to make the party aware of its command and direction, as applied to a given circumstance upon which such party is called upon to act, or refuse to act.
Thus in Hettinger v. McMahon, Fla.App.1964, 164 So.2d 553, 555, the court said:
‘The real question raised in this controversy is whether or not the appellants were sufficiently charged with the' knowledge of what they were required to do in order to comply with the decree of the court. Without doubt obedience of a court order must be secured, and to secure such obedience is the usual function of a proceeding for contempt. However, courts should be explicit and precise in their commands and should only then be strict in exacting compliance.
‘On the other hand, if a court order directed to litigants is too general and appears too burdensome and uncertain in its scope the aggrieved parties should petition the court for modification, clarification or construction of the order, and if they fail to do so they act at their own peril. However, we are satisfied that this rule must be applied with great caution in contempt matters where severe penalties can be pronounced.’
The provision for ‘reasonable rights of visitation’ in the judgment in this case was not thus ‘explicit and precise’, as a command or judicial direction to the wife to grant the particular extended visitation sought by Robert.” 313 So.2d at 139.
This cause is remanded with directions that the trial court modify its order of contempt in accord with the views expressed in this opinion.
MILLS, J., concurs.
BOYER, C. J., concurs in part and dissents in part.