384 So.2d 279 (1980)
Clifford Eugene LAWRENCE, Appellant/Cross-Appellee,
v.
Jane Barbara LAWRENCE, Appellee/Cross-Appellant.
No. 79-266.
District Court of Appeal of Florida, Fourth District.
June 11, 1980.
*280 Timothy P. McCarthy of Levy, Plisco, Perry, Shapiro, Kneen & Kingcade, P.A., West Palm Beach, for appellant/cross-appellee.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee/cross-appellant.
HERSEY, Judge.
Appellant, Clifford Eugene Lawrence, appeals from an order holding him in contempt of court and appellee, wife, cross-appeals that part of the order awarding her attorney's fees.
The parties were divorced in 1972 and the final judgment incorporated a property settlement agreement which, among other things, required appellant to pay $200 every other week to the wife for the support of their two minor children.
As a result of modification proceedings initiated in 1977 and continuing into 1978 the trial court entered an order which stated in pertinent part:
The father shall pay to the mother for the support of the children the sum of $300 every other week retroactive to the serving of the petition, March 9, 1977.
In December of 1978 appellee filed a motion seeking to hold appellant in contempt of court for failure to pay that increment of additional child support accruing from March 9, 1977, to the date of the modification order. The matter was referred to a domestic relations commissioner and in due course the commissioner's report was filed in the proceedings. Apparently, appellant had paid $100 toward the arrearages which was overlooked in the proceedings, but this fact is not relevant to any issue material on appeal.
The trial court entered an order finding appellant in contempt on the following basis:
It was the Court's intention and the Modification Order of August 7, 1978 so reflects, that the retroactive arrearage of $3,700.00 was due and payable on August 7, 1978 when the order was rendered.
While it may have been the trial court's intention to require immediate payment of arrearages there is nothing in the modification order which would have alerted appellant to the necessity for immediate payment. One may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. Kranis v. Kranis, 313 So.2d 135 (Fla. 3rd DCA 1975). Courts should be explicit and precise in their commands and should only then be strict in exacting compliance. Hettinger v. McMahon, 164 So.2d 553 (Fla. 2d DCA 1964).
We find that the trial court's order was not sufficiently explicit and precise with reference to the time for payment of arrearages to support a conclusion that appellant willfully or wantonly violated that order. *281 Accordingly, we reverse that portion of the order holding appellant in contempt of court.
On the subject of the award of attorney's fees, appellant takes the position that the award is in error and appellee cross-appeals on the basis that the award was inadequate.
Section 61.16, Florida Statutes (1979), authorizes an award of attorney's fees in modification proceedings. Such an award is discretionary. The purpose of an award of attorney's fees is to insure that both parties will reasonably have the same ability to secure competent legal counsel. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976); Scattergood v. Scattergood, 363 So.2d 601 (Fla. 4th DCA 1978). The record supports an award in the instant case and the amount is within the bounds of the trial court's discretion.
We have considered the other points raised by appellant but find them to be without merit.
The order appealed from is therefore reversed insofar as it finds appellant in contempt of court and in all order respects is affirmed. The matter is remanded for correction of the order to eliminate that aspect which holds appellant in contempt of court and to correct the amount of arrearages.
Appellee's motion for attorney's fees on appeal is granted, the amount to be set by the trial court in appropriate proceedings.
REVERSED IN PART, AFFIRMED IN PART AND REMANDED.
ANSTEAD, J., and FAGAN, OSEE R. (Associate Judge), concur.