474 So.2d 1224 (1985)
Georgia E. WARNHOFF, Appellant,
v.
Frank A. WARNHOFF, Appellee.
No. 84-2452.
District Court of Appeal of Florida, Fourth District.
August 21, 1985.
Rehearing Denied September 27, 1985.
*1225 Edna L. Caruso, Barbara J. Compiani and Philip Burlington of Edna L. Caruso, P.A., West Palm Beach, and S. Robert Zimmerman, Pompano Beach, for appellant.
Deborah Marks of Deborah Marks, P.A., North Miami, for appellee.
PER CURIAM.
Georgia Warnhoff appeals from an order denying her motion to punish her former husband, Frank Warnhoff, for contempt of court.
At the time of the dissolution of marriage the parties requested the court to make an equitable distribution of their assets. The court ordered that all of the assets of the parties be divided equally except that appellant would receive as her separate property the items listed in Exhibit A, and that appellee would receive as his separate property the items listed in Exhibit B.
Exhibit B includes the "pension from Saturday Corporation" (appellee's employer). Appellant moved to hold appellee in contempt for his failure to pay her one-half of the proceeds from the profit sharing plan, claiming that Exhibit B did not list the profit sharing plan as appellee's separate property and therefore she was entitled to one-half. The court found that the "final judgment and amended final judgment were intended to include as husband's individual property his profit sharing plan as well as his pension plan... ."
Appellant contends that the trial court erred when it denied her motion to punish appellee for contempt of court. We disagree.
First, the trial court properly denied the motion for contempt because appellee did not violate any clear and definite provision of the final judgment. In Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980) this court stated:
One may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA *1226 1975). Courts should be explicit and precise in their commands and should only then be strict in exacting compliance. Hettinger v. McMahon, 164 So.2d 553 (Fla. 2d DCA 1964).
Id. at 280.
We agree with the trial court's statement that the judgment appeared to have two possible interpretations. Therefore the provisions of the final judgment did not constitute a sufficiently clear and definite command to appellee to support an order of contempt.
Next, the trial court did not abuse its discretion when it determined that appellee's separate property included the profit sharing plan. Exhibit B listed "pension from Saturday Corporation" as one of the items of appellee's separate property. "Pension" is defined in Webster's New Collegiate Dictionary as a "fixed sum paid regularly to a person ... a gratuity granted (as by a government) as a favor or a reward ... one paid under given conditions to a person following his retirement from service. ..."
The evidence presented established that the pension and profit sharing plans were components of one retirement plan for the Saturday Corporation. Since pension means payment following retirement from service, and the retirement payment from the Saturday Corporation included payments from a pension plan as well as a profit sharing plan, we determine that the profit sharing plan comes within the definition of pension. Thus the trial court properly found that the final judgment of dissolution included the profit sharing plan as appellee's separate property.
Accordingly, we affirm the order of the trial court.
AFFIRMED.
LETTS and DELL, JJ., and COOK, JACK H., Associate Judge, concur.