DELL, Judge.
These consolidated appeals arise out of two separate orders that found appellant Alfred I. Miranda in contempt of court for failure to take all “reasonably necessary” action to re-sponsor appellee for membership in a private club. We reverse.
During the parties’ marriage, appellant, a member of the Beach Club of Palm Beach and a member of its board of directors, sponsored appellee for a provisional membership in the club. After appellee filed a petition for dissolution of marriage, appellant withdrew his sponsorship. The president of the club wrote to appellee informing her that her sponsorship had been withdrawn and that she could no longer use the facilities. Appellee amended her petition for dissolution requesting that the the court order appellant to take action to restore her membership privileges at the club. At the final hearing, the following colloquy occurred:
[Appellee’s counsel]: ... What we’re seeking is an order that requires him to take affirmative steps to at least put her in a position that she can pay the annual dues.
The Court: How is he going to do that now? What do you want him to do? [Appellee's counsel]: He could offer to restore her as a provisional member and *17 she could fend for herself as to whether or not she has the right to pay the annual fees.
The Court: Well, okay. Go ahead.
[Appellee's counsel]: At the very least, suggesting to the Court he does write a letter making affirmative steps, putting her back on, let her, if she has to fight it out with The Beach Club whether she is a full member or not....
[[Image here]]
The Court: It’s innocuous for him to just write a letter. There’s no financial obligation to him. How is he hurt in any way?
(Emphasis added). The trial court’s final judgment provided:
The Husband shall within fifteen (15) days of the date of this Order, take all action which is reasonably necessary to reinstate the Wife’s sponsorship to The Beach Club.
Thereafter, appellant wrote the president of the Beach Club and renewed his sponsorship of appellee’s membership in the club. On April 15, 1988, nine members of the club, including two board members, signed a petition opposing appellee’s membership. On April 19, 1988, at a regular meeting of the board of directors, the board unanimously confirmed the president’s April 13, 1987 letter terminating ap-pellee’s provisional membership. The president failed to inform the board of appellant’s renewed sponsorship and appellant, who was in attendance, remained silent and abstained from the vote.
Appellee filed an application for contempt and alleged, inter alia, that appellant had used his influence to terminate appel-lee’s membership. A domestic relations commissioner concluded that appellant’s failure to inform the board that he had renewed his sponsorship violated the “letter and intent” of the final judgment. The commissioner recommended that the trial court again order appellant to sponsor ap-pellee for membership in the club and upon acceptance, to pay the difference between her cost to obtain membership and the cost of the annual fees or, in the alternative, if the club did not accept her, appellant should be required to pay the cost of her membership in a similar club, less the amount of the annual fees at the Beach Club. The trial court entered an order that incorporated the commissioner’s recommendations and adjudicated appellant in contempt.
The matter again came before the board of directors who, notwithstanding their knowledge of appellant’s renewed sponsorship, again rejected appellee’s application. Appellee then moved to enforce the contempt order and alleged that she had applied for membership in a comparable club and that appellant refused to pay the difference between the cost of membership in the alternate club and the annual fee at the Beach Club. The trial court referred the second motion for contempt to the domestic relations commissioner who again recommended that appellant be found in contempt and ordered to pay the difference ($25,925.00) between the cost of membership at the Beach Club and the alternate club.
Appellant raises several points on appeal. However, we need address only his argument that the order, directing him to “take all action which is reasonably necessary to reinstate the wife’s sponsorship to the Beach Club,” was not sufficiently explicit and precise to support an adjudication of contempt. We agree and reverse.
Appellant points out that at the final hearing on the dissolution, the wife’s attorney asked the court to require him to write a letter renewing his sponsorship of the wife’s application for membership. The court responded, “[i]t’s innocuous for him to just write a letter.... How is he hurt in any way?” Appellant wrote a letter reinstating his sponsorship of appellee’s membership. He argues that his silence at the board meeting and his abstention from voting were proper since he was a member of the board of directors and had a personal interest in the issue of the wife’s membership. He also argues that the order in the final judgment directing him “to take all steps reasonably necessary to reinstate the wife’s sponsorship to the Beach Club” gave no notice that he had an obligation to *18 do anything more than write the letter referred to at the final hearing.
The Third District Court of Appeal in Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA 1975), reversed an order of contempt where the final judgment provided the father “all reasonable rights of visitation with said minor children.” The court stated:
We so hold because a party should not be held to be in contempt for violation of an order, or provision of a judgment, which is not clear and definite, so as to make the party aware of its command and direction, as applied to a given circumstance upon which such party is called upon to act, or refuse to act.
Id. at 139. In Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980), this court held:
While it may have been the trial court’s intention to require immediate payment of arrearages there is nothing in the modification order which would have alerted appellant to the necessity for immediate payment. One may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction.
Id. at 280; citing Kranis, supra.
We hold that the final judgment did not contain a clear and definite command sufficient to notify appellant that he had an obligation to do any more than write the letter. Therefore, the trial court erred when it held appellant in contempt for failure to speak out at the board meeting when that mandate was not evident from the final judgment. Accordingly, we reverse the trial court’s orders adjudicating appellant in contempt and its subsequent order awarding appellee attorney’s fees incurred in the contempt proceeding.
REVERSED.
STONE and GARRETT, JJ., concur.