PER CURIAM.
The wife appeals the contempt order from her failure to surrender custody of her son. The husband moved for contempt after the wife refused to comply with the child custody provision of their final judgment of dissolution. The husband had been designated the “custodial parent” under a plan of shared parental responsibility.
We affirm. There is no merit to the wife’s argument that she was entitled to the procedural safeguards for direct or indirect criminal contempt as set forth in Rule 3.840 of the Florida Rules of Criminal Procedure. To the contrary, the matter was a classic example of civil contempt as analyzed in Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla.1977):
If the purpose of the proceedings is to coerce action or non-action by a party, the order of contempt is characterized as civil. This type of contempt proceedings is ordinarily instituted by one of the parties to the litigation who seeks to coerce another party to perform or cease performing an act. The order of contempt is entered by the court for the private benefit of the offended party. Such orders, although imposing a jail sentence, classically provide for termination of the contemnor’s sentence upon purging [herself] of the contempt. The sentence is usually indefinite and not for a fixed term. Consequently, it is said that the contemnor ‘carries the key to [her] cell in [her] own pocket.’
AFFIRMED.
HERSEY, C.J., and LETTS and GARRETT, JJ., concur.