HERSEY, Judge.
This is an appeal from an order denying a motion for contempt filed by appellant, the former wife. At issue is whether a property settlement agreement entered into by the parties obligates appellee, the former husband, to pay one-half of their son’s college tuition and associated expenses out-of-pocket rather than from funds accumulated in the son’s custodial account.
The pertinent provisions of the agreement are:
6.CHILD SUPPORT:
The parties agree that the support and maintenance of the minor children of the parties shall come from their respective salaries from [their jointly-owned business] and the funds and accounts set aside in the custodial accounts in the minor children’s names in the approximate amount of $110,000.00.
Any and all monies already in the boy[s’] savings accounts at American Savings and Loan Association plus any new monies that will be forthcoming will bear George T. Bell’s name as custodian and Barbara Bell’s name as successor custodian. As these monies are used in the future for the children’s needs, the monies that Barbara Bell is custodian for will be used first until what remains in Barbara Bell’s name as custodian is equivalent to what is in George Bell’s name as custodian, at which time the accounts will be used equally.
7. MEDICAL EXPENSES:
The parties hereto agree to divide equally all medical expenses incurred by the minor children of the parties which are not covered by insurance.
8. EDUCATIONAL EXPENSES:
That the parties shall divide equally all educational expenses incurred by the children of the parties not covered by scholarships or educational loans, that they must apply for first, from the date of this Agreement through attainment of the degree (graduate studies included) of their choice including but not limited to: Tuition, books, meals and room and board at the school of the children’s choice. [Emphasis added.]
When appellant refused to allow appellee to claim one of the children as a dependent for income tax purposes, appel-lee refused to pay the son’s college expenses. The domestic relations commissioner to whom appellant’s consequent motion for contempt was assigned denied that motion as premature. In addition, the commissioner held that paragraphs six and eight read together permitted appellee to pay his one-half of the college expenses from the custodial account. The trial court agreed.
Because we find that the property settlement agreement provisions pertinent here are susceptible of two possible interpretations (and for other reasons) we affirm denial of the motion for contempt. See Warnhoff v. Warnhoff, 474 So.2d 1224 (Fla. 4th DCA 1985).
The three sections at issue are separately enumerated as “child support,” “medical expenses,” and “educational expenses.” Section six, on child support, explains that the parties will share support and maintenance from their salaries and the custodial account. There is no description given as to which pays first or how much, although the trial court held that the custodial account is to pay first and, upon its exhaus *560 tion, the parties would begin paying out-of-pocket. The second paragraph of section six seems to contemplate that the parties shall continue to pay into the custodial account, as it specifically refers to “all monies already in the [account] ... plus any new monies that will be forthcom-ing_” Therefore, one possible interpretation of the arrangement for support and maintenance is that the parties would pay into the custodial account and then withdraw to pay these costs as they arose.
Medical and educational expenses are, as noted, separately enumerated in other numbered paragraphs. Neither of these paragraphs speaks of the custodial account; rather, both paragraphs state that “the parties shall divide equally all [medical or educational] expenses incurred_” Neither is there any indication in section six that its provisions apply to anything other than the support and maintenance obligations under that section. Thus there is an ambiguity.
We therefore affirm that aspect of the “Order Denying Former Wife’s Motion For Contempt” that exonerates appellee from contempt. Because we find that the agreement, considered as a whole, is ambiguous, we reverse that aspect of the order interpreting the property settlement agreement as permitting appellee to invade the custodial account to pay his share of college expenses and remand to permit the trial court to resolve the ambiguity by an evidentiary hearing.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GLICKSTEIN, C.J., and STONE, J., concur.