PER CURIAM.
Sherman Lubin appeals an order adjudging him in contempt of court for failing to comply with two provisions of a final judgment. The contempt order provides that Lubin shall serve thirty days in jail if he fails to return certain jewelry to David Schumer and to reimburse him for medical expenses within thirty days. We affirm the trial court’s finding that Lubin violated the non-harassment provision of the final judgment, Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979); however, we reverse the remaining portions of the order for two reasons.
*600 First, the contempt order purports to enforce a final judgment that does not inform Lubin with specificity which items of jewelry he was directed to return to Schumer. Because “a party should not be held to be in contempt for violation of ... [a] provision of a judgment, which is not clear and definite, so as to make the party aware of its command and direction, as applied to a given circumstance ...,” Kranis v. Kranis, 313 So.2d 135, 139 (Fla. 3d DCA 1975), that portion of the order must be reversed. E.g., Miranda v. Miranda, 566 So.2d 16 (Fla. 4th DCA 1990); Warnhoff v. Warnhoff, 474 So.2d 1224 (Fla. 4th DCA 1985); Seaboard Systems Railroad, Inc. v. Clemente, 467 So.2d 348, 358 (Fla. 3d DCA 1985); Loury v. Loury, 431 So.2d 701 (Fla. 2d DCA 1983); Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980).
Second, the trial court ordered Lubin to serve thirty days in jail if he failed to reimburse Schumer for medical expenses, without finding that Lubin has the present ability to pay. The trial court’s failure to make that finding renders the remaining provision of the order defective.[1] See Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985); Mauldin v. Roman, 588 So.2d 667 (Fla. 5th DCA 1991); Pradas v. Prados, 561 So.2d 6 (Fla. 3d DCA 1990); Russell v. Russell, 559 So.2d 675 (Fla. 3d DCA 1990).
Accordingly, we affirm the order of contempt in part and reverse in part. Remanded for further proceedings.

. Although it is unnecessary to reach this issue, we note that the trial court erred in failing to provide for an additional hearing prior to the entry of an order of commitment. Hilson v. Hilson, 145 So.2d 557 (Fla. 3d DCA 1962); see Thompson v. Thompson, 576 So.2d 436 (Fla. 4th DCA 1991).