COPE, Judge.
Amerivend Corp. appeals an order imposing a sanction of $2,000 for contempt. We treat the appeal as a petition for writ of certiorari and grant the writ.*
Amerivend was found in contempt for violating a trial court order dated January 29, 1993, which established a procedure for the collection and counting of money in coin operated laundry machines on the appellee landlords’ premises. We agree with Ameri-vend that the order in question by its terms provided for a one-time collection and counting of money on February 3, 1993. The February 3rd collection and counting indisputably occurred as specified by the order.
Subsequently, the trial court ruled that the landlords were entitled to possession of the premises. Amerivend initially appealed that order, but ultimately decided to comply. Amerivend removed the machines from the premises. The landlords then complained that there should have been another collection and counting prior to removal of the machines. Instead, Amerivend removed the machines to its warehouse while leaving the coin boxes intact.
This court has said:
[A] party should not be held to be in contempt for violation of an order, or provision of a judgment, which is not clear and definite, so as to make the party aware of its command and direction, as applied to a given circumstance upon which such party is called upon to act, or refuse to act.
Thus in Hettinger v. McMahon, Fla.App. 1964, 164 So.2d 553, 555, the court said:
“The real question raised in this controversy is whether or not the appellants were sufficiently charged with the knowledge of what they were required to do in order to comply with the decree of the court. Without doubt obedience of a court order must be secured, and to secure such obedience is the usual function of a proceeding for contempt. However, courts should be explicit and precise in their commands and should only then be strict in exacting compliance.
“On the other hand, if a court order directed to litigants is too general and appears too burdensome and uncertain in its scope the aggrieved parties should petition the court for modification, clarification or construction of the order, and if they fail to do so they act at their own peril. However, we are satisfied that this rule must be applied with great caution in contempt matters where severe penalties can be pronounced.”
Kranis v. Kranis, 313 So.2d 135, 139 (Fla. 3d DCA 1975).
As we are unable to see that there was any violation of the January 29,1993 court order, *1260 we quash the adjudication of contempt and the imposition of sanctions pursuant thereto.
Certiorari granted.

The trial court’s order required payment of the sanction within seven working days, failing which Amerivend's pleadings would be stricken and a default would be entered against Ameri-vend on its contract claims against the appellee landlords.