COBB, Judge.
Gary Bruce seeks a writ of habeas corpus releasing him from incarceration resulting from an order finding him in contempt of court and sentencing him to 179 days in county jail or until he has purged himself by completing the remodeling of his wife’s business as previously ordered. In this marriage dissolution case, the General Master recommended that petitioner complete the remodeling of the business premises the wife intends to use to operate a pawn shop to support herself. The trial court adopted the General Master’s recommendation and ordered the parties to immediately comply with the recommendation. When petitioner failed to complete the remodeling, the wife filed a motion to find him in contempt and, after a hearing, the trial court entered the challenged order. Unfortunately, there is no clear indication of what acts petitioner must complete in order to purge himself, either in the General Master’s recommendation, the trial court’s order adopting the recommendation, or the contempt order itself, nor is there a finding that petitioner *558 has the ability to purge himself by paying someone else to complete the remodeling. Although the General Master’s intent was for petitioner to complete the remodeling himself, he cannot purge himself of contempt by doing the work since he is in jail.
It is error to find a person in contempt for violating an order which is not clear and precise as to what is required. See e.g., Amerivend Corp. v. West Dade, Ltd., 627 So.2d 1258 (Fla. 3rd DCA 1993); Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992). Furthermore, a civil contempt order must include a finding that the alleged contemnor has the ability to purge him or herself. See e.g., Washburn v. Washburn, 647 So.2d 1044 (Fla. 4th DCA 1994); Haymon v. Haymon, 640 So.2d 1204 (Fla. 2d DCA 1994); Baird v. Baird, 629 So.2d 1075 (Fla. 5th DCA 1994). The contempt order in this case fails in both respects. Therefore, the petition for writ of habeas corpus is granted and respondent is directed to immediately release petitioner from the incarceration resulting from the contempt order. No motion for rehéaring will be allowed. This decision is without prejudice to the trial court entering an order directing petitioner to perform specific acts in order to complete the remodeling, and thereafter finding petitioner in contempt should he fail to comply with that order, upon a finding that he has the ability to do so.
WRIT GRANTED.
GRIFFIN and THOMPSON, JJ. concur.