PER CURIAM.
Nina Tschapek filed a petition for writ of habeas corpus with this court, seeking to prevent the imposition of a two-day incarceration pursuant to an order of arrest and commitment which the trial court issued as punishment for her willful failure to obey visitation orders entered in post-dissolution litigation with her former husband, Robert Frailing. We granted her emergency motion for stay of incarceration pending review. We treat her petition as a nonfinal appeal of the order of arrest and commitment, see Calicchio v. Calicchio, 693 So.2d 1124, 1124 n. 1 (Fla. 4th DCA 1997); Alves v. Barnett Mortgage Co., 688 So.2d 459 (Fla. 4th DCA 1997), reverse same, and remand for further proceedings.
At a case management conference on visitation on May 16, 1997, the former wife was ordered to have the parties’ son Marcus ready every Sunday for visitation with the former husband. The order specifically provided “Either parent will be held in contempt for violation of this order, an order to show cause will be issued with potential of jail for 179 days.” (Emphasis added). At the next case management conference, on June 13, which the former wife attended pro se and by telephone, the former husband, without prior notice that he would do so, accused her of failing to make Marcus available to him on Sunday, May 25. After she admitted in questioning by the court that she had indeed withheld court-ordered visitation, and offered no excuse or inability to comply which the trial court considered sufficient, the court found her in direct criminal contempt within the meaning of Florida Rule of Criminal Procedure 3.830, concluding that her telephonic statements, which the trial court found were openly defiant of the court and its orders and indicated her intention to continue that course of conduct, had occurred in the actual presence of the court. The court therefore sentenced her to a term of incarceration for 48 hours, commencing at 3:00 p.m. on Friday, June 27.
A trial court’s determination concerning contempt should not be disregarded if supported by the law and evidence in the *853 record. See Murrell v. State, 595 So.2d 1049 (Fla. 4th DCA 1992). However, the instant order is erroneous because the trial court punished as direct criminal contempt conduct which appears to constitute only indirect criminal contempt, and did so without providing the former wife with the due process safeguards required by rule 3.840, Florida Rules of Criminal Procedure.
The contempt here is criminal as opposed to civil, because its purpose is to punish Petitioner for violating the court’s order, it is for a definite period of time, and there is no purge provision. See Pompey v. Cochran, 685 So.2d 1007, 1013 (Fla. 4th DCA 1997); Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla.1977). Compare Corry v. Corry, 568 So.2d 1348 (Fla. 4th DCA 1990) (mother held in contempt for failing to surrender custody of son not entitled to procedural safeguards of criminal contempt, as matter was classic example of civil contempt, which is for indefinite period and can be terminated when con-temnor purges contempt).
Criminal sanctions may not be imposed for contempt unless constitutional safeguards are provided, including the right to be. represented by counsel, the right to have the offense proved beyond a reasonable doubt, and the privilege against self-incrimination. Pompey, 685 So.2d at 1013 (citing Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985)).
In the case of a direct criminal contempt, Florida Rule of Criminal Procedure 3.830 provides that punishment may be summary; the defendant must be informed of the accusation, allowed to show cause why he or she should not be found guilty and sentenced, and allowed to present evidence of mitigating circumstances. That is the procedure which the trial court’s order indicated it followed.
However, direct criminal contempt occurs when the court saw or heard the conduct constituting the contempt. Primarily, the contempt here was Petitioner’s alleged failure to make Marcus available for scheduled Sunday visitation sessions with his father. The only extent to which the contemptuous conduct was committed in the presence of the trial court was that, in the course of her telephonic appearance, the former wife admitted the acts of which the former husband had complained and indicated an intention to continue her course of conduct.
When the contempt is indirect, rule 3.840 applies, and the proceeding must begin with the judge’s issuing an order to show cause, Fla. R.Crim. P. 3.840(a), which was not accomplished here; according to the allegations of the petition, the former wife did not even know she would be accused of contempt at the case management conference. See Bukszar v. Bukszar, 368 So.2d 430 (Fla. 2d DCA 1979)(vacating order of contempt for failing to return minor daughter following visitation, because trial court failed to issue order to show cause). The fact that Petitioner admitted her conduct and evinced an intention to continue it does not mean that such conduct occurred in the presence of the court. See Stevens v. Enterprise Developers, 441 So.2d 184 (Fla. 4th DCA 1983) (reversing contempt finding for lack of notice to appellant of court’s intention or adverse parties’ desire to hold appellant in contempt for appellant’s admitted conduct which trial court found to be in direct violation of prior order).
The former husband has conceded that the former wife was denied her rights to due process and has recommended remanding for the trial court to determine whether the former wife’s actions constitute criminal or civil contempt, and, if criminal, then for the trial court to issue a show cause order and set the same for hearing pursuant to the rules.
Accordingly, we reverse the order of arrest and commitment, and remand for the trial court to determine whether to issue an order to show cause why the former wife should not be held in indirect criminal contempt pursuant to rule 3.840, Florida Rules of Criminal Procedure.
REVERSED AND REMANDED.
STONE, C.J., and PARIENTE and SHAHOOD, JJ., concur.