716 So.2d 842 (1998)
Diane De La Begassiere KEITEL, Appellant,
v.
Frederick J. KEITEL, III, Appellee.
No. 97-4374.
District Court of Appeal of Florida, Fourth District.
September 2, 1998.
*843 Joel M. Weissman of Joel M. Weissman, P.A., and Doreen M. Yaffa, P.A., West Palm Beach, for appellant.
Frederick J. Keitel, III, Palm Beach, pro se.
DELL, Judge.
Appellant contends the trial court erred when it found her in contempt for violating the visitation provisions of the final judgment because she and the parties' minor son relocated to New York. We reverse.
In the final judgment of dissolution, the trial court awarded appellant primary residential custody of the parties' minor son. The court gave appellee reasonable visitation and provided that if the parties could not agree as to terms, appellee would have the child every other weekend, every Wednesday night, and on holidays and school vacations. The final judgment required that appellee pick up and drop off the child at appellant's residence. It also included a provision prohibiting appellant from relocating the child's permanent residence outside of Palm Beach, Martin, or Broward counties without agreement of the parties or order of the court. On a motion for rehearing, the trial court vacated the restriction on relocation from the judgment.
Appellant spoke to appellee about a proposed modification to the final judgment because she thought it would be in the best interests of the child to move to New York. Appellee objected to any out of state move as a violation of the visitation provisions in the final judgment. Shortly thereafter, appellant relocated with her son to New York. Appellee moved for civil contempt and for an order to show cause for indirect criminal contempt. The trial court denied the motion for criminal contempt. After a hearing on appellee's motion for civil contempt, the trial court entered an "Order Re: Former Husband's Application for Order to Show Cause for Indirect Criminal Contempt." The order included two alternative provisions: one, allowing appellant to purge herself of the contempt by returning the child to Palm Beach County, thus providing appellee his visitation rights, or two, allowing her to petition this court for relinquishment of jurisdiction to the trial court to consider her request for modification of the visitation provisions. The order did not provide for incarceration nor payment of a fine, but did order appellant to pay appellee's attorney's fees.
Appellee argues that the order held appellant in civil contempt, not criminal contempt. We agree. The provisions of the order compelled compliance with a final judgment, rather than punished noncompliance. See Corry v. Corry, 568 So.2d 1348 (Fla. 4th DCA 1990). Our conclusion makes it unnecessary to address appellant's argument that the trial court erred by finding her in criminal contempt without affording her the procedural protections of rule 3.840, Florida Rules of Criminal Procedure.
*844 At the contempt hearing, appellant testified that she believed that once the relocation provision was vacated from the final judgment, no restriction on her ability to relocate with the child existed. On appeal, she correctly argues that because the final judgment did not clearly prohibit relocation, she could not have been found in contempt for adversely affecting appellee's visitation rights.
Appellee argues that appellant violated the visitation provisions by relocating to New York because she could not abide by the visitation provisions in the final judgment. However, when a final judgment or order is not sufficiently explicit or precise to put the party on notice of what the party may or may not do, it cannot support a conclusion that the party willfully or wantonly violated that order. Even though a judgment of contempt is clothed with a presumption of correctness, Krueger v. State, 351 So.2d 47, 49 (Fla. 3d DCA 1977), "[o]ne may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction." Lawrence v. Lawrence, 384 So.2d 279 (Fla. 4th DCA 1980). Here, the final judgment did not contain an express provision prohibiting relocation. Although appellee's visitation rights are implicitly obstructed, implied or inherent provisions of a final judgment cannot serve as a basis for an order of contempt. See id.; Krueger, 351 So.2d at 49.
Finally, appellant argues that the trial court erred when it awarded appellee attorney's fees. We agree. Because the contempt proceedings arose in the context of a dissolution involving custody, the trial court must determine need and ability to pay before awarding attorney's fees. Worthington v. Harty, 677 So.2d 1371 (Fla. 4th DCA 1996).
Accordingly, we reverse the trial court's order finding appellant in contempt. The parties should not, however, construe this opinion as an expression of this court as to any issues that may remain as to visitation and relocation.
REVERSED.
WARNER, J., concurs.
FARMER, J., concurs specially with opinion.
FARMER, Judge, concurring specially.
The ultimate issue in this case is whether a party can be held in civil contempt for failing to comply with a provision in a final order that was deleted from the order upon rehearing.[1] When so stated, I think the answer is obvious. One may not be found in contempt for violating something that an order does not say.
Under previous and rather fundamental law established in this court, it is clear that:
"One may not be held in contempt of court for violation of an order or a provision of a judgment which is not clear and definite so as to make the party aware of its command and direction. Kranis v. Kranis, 313 So.2d 135 (Fla. 3rd DCA 1975). Courts should be explicit and precise in their commands and should only then be strict in exacting compliance. Hettinger v. McMahon, 164 So.2d 553 (Fla. 2d DCA 1964)." [emphasis supplied]
Lawrence v. Lawrence, 384 So.2d 279, 280 (Fla. 4th DCA 1980). The father argues that the deleted provision can nevertheless be inferred as being inherent in the visitation provisions of the custody order. Under Lawrence, however, one cannot be held in contempt for failing to comply with something that is merely implicit or inherent in an order. If it is to be punishable by contempt, the order must state it explicitly in precise and clear terms. Thus if the trial judge intended that the visitation provisions barred relocation outside the state and that contempt might be used to enforce it, then he had to say what was required in clear, unvarnished English. See also Wilken v. Data Lease Financial Corp., 651 So.2d 1233 (Fla. 4th DCA 1995) (clerk could not be held in *845 contempt for failing to comply with a provision in an order that had been deleted from it by lining it through).
There is still another reason why the deleted provision would not support a finding of contempt. As before emphasized, the relocation provision was taken out of the judgment upon rehearing, so that the modified judgment was silent as to the mother's right to relocate. In Bartolotta v. Bartolotta, 703 So.2d 1229 (Fla. 4th DCA 1998), the order was also silent as to the right of the parent to relocate. We held that the silence of the order on the subject meant that the parent was not prohibited by the order from relocating.[2] Because the order in Bartolotta is functionally indistinguishable from the modified order of custody and visitation in this case, it is therefore manifest that the present order did not prohibit the mother from relocating. If the order did not prohibit her from relocating, obviously she cannot be held in contempt for relocating.
The majority opinion reaches the correct result. The standard of review here is legal error, not abuse of discretion. Thus the presumption of correctness vanishes when the modified custody and visitation order is laid beside the order finding the mother in contempt. The contempt order is based on a violation of a provision not explicitly contained in precise terms in the modified custody order. The legal rule is as stated in Lawrence. Legal error has thus been made to appear clearly. It is therefore misleading to discuss or mention any presumption of correctness, just as it would be to discuss, e.g., the standard relating to an abuse of discretion. A judge cannot base contempt upon noncompliance with something an order does not say.
On that basis I concur.
NOTES
[1] The original provision barred the custodial parent from relocating outside Florida without prior agreement or court approval. The mother filed a motion for rehearing, and upon reconsideration the trial judge granted the motion and thus deleted from the custody order the provision requiring agreement or approval for any relocation outside Florida. Her relocation occurred after the modification of the order deleting the provision.
[2] Petrullo v. Petrullo, 604 So.2d 536 (Fla. 4th DCA 1992), is not to the contrary. That case did not involve an issue of contempt. There the parent had already relocated and then filed a motion for permission to move the child with her. The trial judge removed the child from her custody while a motion for disqualification was being heard. We reversed. Moreover, our essential ruling on the mother's right to relocate without prior agreement or permission was later tacitly disapproved in Mize v. Mize, 621 So.2d 417 (Fla.1993), and Russenberger v. Russenberger, 669 So.2d 1044 (Fla.1996). Also the custody order was entered before the effective date of the legislative disapproval of Mize and Russenberger. See Ch. 97-242, Laws of Fla.