GREEN, Judge.
The husband, Ronald H. Friedman, appeals the trial court’s order which adopted the report and recommendation of the general master finding the husband in contempt for noncompliance with the court’s order on temporary relief and child support. The husband also appeals the trial court’s order requiring production of various documents. Although the subject of jurisdiction was not addressed by the parties, we treat this appeal as reviewable certiorari, rather than an appeal of a nonfi-nal order. See Knorr v. Knorr, 751 So.2d 64 (Fla. 2d DCA 1999). We affirm the trial court’s orders in both cases, except the provision holding the husband in contempt for nonpayment of the child’s tuition at a private school.
The trial court entered an order on August 21, 1998, requiring the husband, among other items, to “continue to pay for the child’s tuition at private school.” Since the entering of that order, the wife enrolled the child at a private elementary school, which required a $5000 deposit. The wife sought reimbursement of the $5000 deposit from the husband. When the husband refused to pay this amount, the wife filed a motion for contempt alleging that the failure to pay $5000 amounted contempt of the trial court’s order directing the husband to “continue to pay for child’s tuition at private school.”
The motion for contempt hearing was held by a general master who recommended that the husband be found in contempt for nonpayment of the tuition deposit of $5000. The trial court later adopted the recommendation of the general master as it pertained to tuition.
*1013 We agree with the husband that the trial court’s order directing him to “continue to pay for child’s tuition at private school” was ambiguous. The order did not specify whether the tuition payments were to continue when the child entered elementary school, since the elementary school tuition was substantially greater than the preschool tuition he was currently paying. Because the order was not clear as to the husband’s responsibilities, he could not be found to be in contempt of the order. See Kranis v. Kranis, 313 So.2d 135 (Fla. 3d DCA 1975) (holding a party should not be held to be in contempt for violation of order, or provision of a judgment, which is not clear and definite, so as to make the party aware of its command and direction, as applied to a given circumstance upon which party is called upon to act, or refuse to act); Hettinger v. McMahon, 164 So.2d 553 (Fla. 2d DCA 1964) (holding courts should be explicit and precise in commands and should only then be.strict in exacting compliance therewith). We, therefore, reverse the portion of the trial court’s order finding the husband in contempt.
Affirmed in part; reversed in part.
CAMPBELL, A.C.J., and STRINGER, J., concur.