WARNER, J.
Appellant challenges an order finding him in civil contempt for violating two provisions of the final judgment of dissolution. Because we conclude that the contempt order’s purge provision was too broad and indefinite, we reverse.
In the final judgment of dissolution, the terms of the “Model Visitation Schedule” were incorporated. Two of those terms are at issue in this case. The first provides that the child is not to be exposed to hostility and conflict, nor is the child to be used as a messenger between the parents. The second term provides that a request for cancellation of visitation must be given to the other parent at least seven days in advance. Appellee filed a motion for contempt alleging that appellant violated both provisions. After a hearing, the trial court entered an order finding appellant in contempt based on both provisions. It ordered appellant to be taken into custody until he purged himself of the contempt. The purge provision provided:
The Former Husband may purge the contempt by absolutely refraining at all times from discussing any aspect of this case with the minor children and by his complete and total adherence to the mandate that he not expose the children to his hostility toward the Former Wife. As an additional purge provision, the Former Husband shall refrain from making any negative comment or exhibiting any negative conduct to or about the Former Wife which is done to or in the presence, visually or audibly, of the minor children. As yet an additional purge provision, the Former Husband shall make all visitation arrangements directly with the Former Wife and shall give the Former Wife at least seven days advance notice of any scheduled visitation which he will not exercise unless shorter notice is necessitated by an emergency situation.
If the former husband failed to comply, upon the former wife filing an affidavit of noncompliance and motion for commitment, the matter would be set for a commitment hearing. This contempt order is the subject of the instant appeal.
 The key safeguard in civil contempt proceedings is the ability of the contemnor to purge the contempt. See Parisi v. Broward County, 769 So.2d 359, 365 (Fla.2000). A civil contempt order must contain a specific purge provision that adequately informs the contemnor what he or she must do to purge the contempt. See Alves v. Barnett Mortg. Co., 688 So.2d 459, 460 (Fla. 4th DCA 1997). In Crutchfield v. Crutchfield, 345 So.2d 831 (Fla. 1st DCA 1977), where the wife was found in contempt for violating visitation provisions, the trial court’s purge provision required her to “strictly and without deviation comply with the provisions of paragraph number three of this order with respect to the full and free *410 visitation rights of the defendant.” Id. at 832. The first district concluded “that the order was couched in language much too broad” to be enforced. Id. at 832-33. Citing to Kranis v. Kranis, 313 So.2d 135, 139 (Fla. 3d DCA 1975), the court held that the purge provision must be clear and definite, making the party aware of what is required in any given circumstance. See Crutchfield, 345 So.2d at 833.
The instant order likewise is too broad. What conduct may amount to hostility toward appellee may be susceptible to varying interpretations. The conduct that may land appellant in jail should not be subject to question. We therefore reverse and remand for further proceedings with respect to the order of civil contempt. We affirm on all of the remaining issues raised.
TAYLOR and HAZOURI, JJ., concur.