PER CURIAM.
We affirm the trial court’s order finding appellant, William T. Hunt, to be in *1182 civil contempt of court for failing to pay alimony to his former wife, Linda C. Hunt. Mr. Hunt admitted under oath that he had not paid any alimony between October 2001 and February 2002. We reject Mr. Hunt’s argument that his failure to pay was not willful, in that, as he contends, he was required to pay Mrs. Hunt’s share of joint debts and property taxes and, therefore, he could not afford to pay the alimony, because the judgments do not establish that Mrs. Hunt was required to pay the specific business debts identified by Mr. Hunt, or the taxes owed to the Internal Revenue Service. Nor do they support appellant’s defense that Mrs. Hunt had defaulted on her obligation to pay a portion of ad valorem property taxes. To the contrary, the final judgment of dissolution provided that all property taxes on the marital home would be paid from the proceeds once the home was sold, and the marital home, as of the date of the order of contempt, had not yet been sold.
We likewise find no abuse of discretion in the trial court’s ruling on Mr. Hunt’s motion for contempt, because the evidence was insufficient to show that the sale of the trailer in question was contrary to the property distribution approved in the judgments. See Keitel v. Keitel, 716 So.2d 842, 844 (Fla. 4th DCA 1998) (stating that when the judgment is not sufficiently explicit or precise to put the party on notice of what he or she may or may not do, it cannot support a finding of contempt). Additionally, Mr. Hunt failed to present sufficient evidence for the court to identify which, if any, of the firearms listed in the property distribution lists were not in his possession and remained in Mrs. Hunt’s possession after the reported theft of at least one of the firearms in question.
We also affirm the court’s denial of Mr. Hunt’s request for attorney’s fees and costs. In October 2001, the court awarded Mrs. Hunt 50 percent of her attorney’s fees and costs to be paid by Mr. Hunt. The record demonstrates no change in the parties’ financial position between the date of the award and the date of the contempt hearing in February 2002, other than the fact that Mr. Hunt refused to pay the required alimony. In so saying, we note that fees in contempt proceedings arising from dissolution of marriage lawsuits are decided under the same standards as the underlying dissolution: need and ability to pay. See id. at 844.
AFFIRMED.
ERVIN, ALLEN and LEWIS, JJ., CONCUR.