PER CURIAM.
 

 At issue in this petition for writ of cer-tiorari is an order finding D.L. in civil contempt for her refusal to comply with court orders that she not run away from her parents’ home. We treat the petition as a non-final appeal seeking review of the civil contempt order.
 
 Tschapek v. Frailing,
 
 699 So.2d 851, 852 (Fla. 4th DCA 1997).
 

 
 *462
 
 The trial court ordered that the Sheriff of Palm Beach County place D.L. under house arrest for thirty days, with various conditions. D.L.’s failure to comply with the order would result in the court’s issuance of a “pick up” order and her placement in the Palm Beach County Jail pending a hearing. We find that the sanction of house arrest is criminal as opposed to civil because the sanction is for a definite period of time and there is no purge provision.
 
 See Parisi v. Broward County,
 
 769 So.2d 359, 364-65 (Fla.2000). We reverse and remand for the trial court to afford D.L. the constitutional due process protections afforded to criminal defendants under Florida Rule of Criminal Procedure 3.840, which governs indirect criminal contempt.
 
 Id.
 

 [1]
 

 Reversed and remanded.
 

 FARMER, CIKLIN and GERBER, JJ., concur.
 

 [1]
 

 . We decline review of the order that denies D.L.'s motion to strike her parents as parties to the pending paternity action.